SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
JENNIFER G. REDMOND, Cal. Bar No. 144790
jredmond@sheppardmullin.com
TRAVIS J. ANDERSON, Cal. Bar No. 265540
tanderson@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:   213.620.1398

Attorneys for Non-Parties Global-IP Cayman and Global IP USA, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., a Dutch company; STM GROUP, INC., a Delaware corporation; EMIL YOUSSEFZADEH, an individual; and UMAR JAVED, an individual,<br><br>            Plaintiffs,<br><br>       v.<br><br>DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, a Hong Kong unlimited company; CHINA ORIENT ASSET MANAGEMENT (INTERNATIONAL) HOLDING LIMITED, a Hong Kong limited company; and LUDWIG CHANG, an individual,,<br><br>            Defendants. | Case No. 2:18-cv-01269-JLS-JCG<br><br>**[PROPOSED] ORDER REGARDING GLOBAL-IP CAYMAN AND GLOBAL IP USA, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF EMIL YOUSSEFZADEH SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDICIAL DETERMINATION**<br><br>**[FILED UNDER SEAL PER COURT ORDER OF APRIL 2, 2018]**<br><br><u>HEARING</u><br>Judge:   Hon. Josephine L. Staton<br>Date:    May 11, 2018<br>Time:    2:30 p.m.<br>Place:   Courtroom 10A |

Nonparties Global-IP Cayman and Global IP USA, Inc. have objected to the Declaration of Emil Youssefzadeh submitted in support of Plaintiffs' Motion for Judicial Determination. As to those objections, the Court hereby rules as follows:

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON OBJECTION: |
|---|---|---|---|
| 1. | Emil Decl. ¶ 18 "Mr. Javed and I were also told that Mr. Fan was Dong Yin's attorney." | Inadmissible Hearsay (Fed. R. Evid. 801); Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |
| 2. | Emil Decl. ¶ 23: "Dong Yin was to provide the debt financing to the investor, and was not to have any direct involvement with GIP-Cayman to avoid export control law compliance issues." | Lacks Foundation (Fed. R. Evid. 602); Improper Legal Conclusion | Sustained: ___<br>Overruled: ___ |
| 3. | Emil Decl. ¶ 29: "As stated above, their role in the transaction was supposed to be limited to providing debt financing to Bronzelink." | Lacks Foundation (Fed. R. Evid. 602); Improper Legal Conclusion | Sustained: ___<br>Overruled: ___ |
| 4. | Emil Decl. ¶ 44: "Because the October 1, 2016 contracts each had 60-day notice provisions, my resignations did not become effective until on or about August 25, 2017. Accordingly, I continued to actively serve as the CTO and Chairman of the Management Committee until on or about August 16, 2017. I also continued to serve as the acting CEO until the re-appointment of Mr. Pourmand as CEO on or about July 17, 2017." | Improper Legal Conclusion; Improper Opinion of a Lay Witness; Best Evidence Rule (Fed. R. Evid. 1002)<br><br>Mr. Youssefzadeh's June 26, 2017 email to Tony Wong, Shiwen Fan, Shiyue Liu, Zheng Wang, Bahram Pourmand, and Umar Javed regarding his resignation specifically provided that he would immediately be relieved of his duties. *See* Compendium of Exhibits, Exh. G. | Sustained: ___<br>Overruled: ___ |
| 5. | Emil Decl. ¶ 51: | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___ |

| | | | |
|---|---|---|---|
| | "It soon became clear that Mr. Luo had not previously met Mr. Fan. I later found out from Mr. Luo that he had been selected and invited to join the GIP-Cayman Board by a senior executive at Dong Yin." | | Overruled: ___ |
| 6. | Emil Decl. ¶ 51: "Mr. Wong and Ms. Liu routinely appeared to act at Mr. Fan's direction and did his bidding; neither of them seemed to exercise any meaningful independence from Mr. Fan in making decisions as members of the GIP Cayman Board." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___ <br><br> Overruled: ___ |
| 7. | Emil Decl. ¶ 51: "During these meetings, Mr. Fan and Mr. Wong made statements revealing that they were acting at Dong Yin's direction when it came to the Satellite Project, and Mr. Yui did not behave as the owner of a company that had just invested $175 million in GIP-Cayman." | Lacks Foundation (Fed. R. Evid. 602); Vague and Ambiguous | Sustained: ___ <br><br> Overruled: ___ |
| 8. | Emil Decl. ¶ 51: "Additionally, Mr. Wong also flew Mr. Chen to Hong Kong for interviews with Dong Yin before allowing the GIP-Cayman Board to consider, and ultimately approve, his hiring." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___ <br> Overruled: ___ |
| 9. | Emil Decl. ¶ 51: "Mr. Wong requested a two-week delay before any Board resolutions were approved, apparently so that he and Mr. Fan would have time to present those resolutions to Dong Yin for approval before any | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___ <br><br> Overruled: ___ |

| | | | |
|---|---|---|---|
| | contemplated Board action." | | |
| 10. | Emil Decl. ¶ 52: "We asked Luo to have this memorandum prepared so that counsel's legal advice could be presented to Bronzelink and Dong Yin…" | Inadmissible Hearsay (Fed. R. Evid. 801); Irrelevant (Fed. R. Evid. 401) | Sustained: ___<br><br>Overruled: ___ |
| 11. | Emil Decl. ¶ 60: "Julian Zhao also resigned from the GIP-Cayman Board of Directors, which added to the governance and compliance problems." | Lacks Foundation (Fed. R. Evid. 602); Vague and Ambiguous; Improper Opinion of a Lay Witness (Fed. R. Evid. 701) | Sustained: ___<br>Overruled: ___ |
| 12. | Emil Decl. ¶ 70, in its entirety | Inadmissible Hearsay (Fed. R. Evid. 801); Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br>Overruled: ___ |
| 13. | Emil Decl. ¶ 79 "As stated above, our resignations became effective on or about August 25, 2017, and we continued to be actively involved in the management of CIP-Cayman until on or about August 16, 2017." | Improper Legal Conclusion; Improper Opinion of a Lay Witness; Best Evidence Rule (Fed. R. Evid. 1002)<br><br>Mr. Youssefzadeh's June 26, 2017 email to Tony Wong, Shiwen Fan, Shiyue Liu, Zheng Wang, Bahram Pourmand, and Umar Javed regarding his resignation specifically provided that he would immediately be relieved of his duties. *See* Compendium of Exhibits, Exh. G. | Sustained: ___<br><br>Overruled: ___ |
| 14. | Emil Decl. ¶ 96: "I did not believe that the email was a privileged communication." | Improper Legal Conclusion | Sustained: ___<br>Overruled: ___ |
| 15. | Emil Decl. ¶ 99, in its entirety | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___<br>Overruled: ___ |

| | | | |
|---|---|---|---|
| 16. | Emil Decl. ¶ 100: "Mr. Chang stated that he had been in contact with Dong Yin, and Dong Yin representatives, including Mr. Dong, Mr. Long, Mr. Zeng, and others, and had read both the Milbank Memo and the Chen Memo." | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___ <br><br> Overruled: ___ |
| 17. | Emil Decl. ¶ 101: "Sidley had represented Bronzelink in its investment in GIP-Cayman; it was not acting as Bronzelink's ITAR counsel, and did not represent GIP-Cayman or GIP-USA in any capacity." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___ <br> Overruled: ___ |
| 18. | Emil Decl. ¶ 102, in its entirety | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___ <br><br> Overruled: ___ |
| 19. | Emil Decl. ¶ 104: "Both consultants confirmed to me that they had read the Milbank Memo and the Chen Memo carefully. They told us that Dong Yin would reward us if we were willing to back off and drop the compliance issues." | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___ <br> Overruled: ___ |
| 20. | Emil Decl. ¶ 105: "Ms. Li was permitted to attend the meeting as an observer." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___ <br> Overruled: ___ |

1  Dated: _____, 2018

                                    _____
                                       Hon. Josephine L. Staton
                                    United States District Court Judge