SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
JENNIFER G. REDMOND, Cal. Bar No. 144790
jredmond@sheppardmullin.com
TRAVIS J. ANDERSON, Cal. Bar No. 265540
tanderson@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Non-Parties Global-IP Cayman and Global IP USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., a Dutch company; STM GROUP, INC., a Delaware corporation; EMIL YOUSSEFZADEH, an individual; and UMAR JAVED, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, a Hong Kong unlimited company; CHINA ORIENT ASSET MANAGEMENT (INTERNATIONAL) HOLDING LIMITED, a Hong Kong limited company; and LUDWIG CHANG, an individual,,<br><br>Defendants. | Case No. 2:18-cv-01269-JLS-JCG<br><br>**[PROPOSED] ORDER REGARDING GLOBAL-IP CAYMAN AND GLOBAL IP USA, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF UMAR JAVED SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDICIAL DETERMINATION**<br><br>**[FILED UNDER SEAL PER COURT ORDER OF APRIL 2, 2018]**<br><br>HEARING<br>Judge:  Hon. Josephine L. Staton<br>Date:    May 11, 2018<br>Time:   2:30 p.m.<br>Place:   Courtroom 10A |

Nonparties Global-IP Cayman and Global IP USA, Inc. have objected to the Declaration of Umar Javed submitted in support of Plaintiffs' Motion for Judicial Determination. As to those objections, the Court hereby rules as follows:

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON OBJECTION: |
|---|---|---|---|
| 1. | Umar Decl. ¶ 20: "Mr. Youssefzadeh and I were also told that Mr. Fan was Dong Yin's attorney." | Inadmissible Hearsay (Fed. R. Evid. 801); Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |
| 2. | Umar Decl. ¶ 25: "Dong Yin was to provide the debt financing to the investor, and was not to have any direct involvement with GIP-Cayman to avoid export control law compliance issues." | Lacks Foundation (Fed. R. Evid. 602); Improper Legal Conclusion | Sustained: ___<br><br>Overruled: ___ |
| 3. | Umar Decl. ¶ 33: "As stated above, their role in the transaction was supposed to be limited to providing debt financing to Bronzelink." | Lacks Foundation (Fed. R. Evid. 602); Improper Legal Conclusion | Sustained: ___<br><br>Overruled: ___ |
| 4. | Umar Decl. ¶ 51: "Because my employment contracts each had 60-day notice provisions, my resignations became effective on or about August 25, 2017. Accordingly, I continued to actively serve as the President and Chief Operating Officer until on or about August 16, 2017." | Improper Legal Conclusion; Improper Opinion of a Lay Witness; Best Evidence Rule (Fed. R. Evid. 1002)<br><br>Mr. Javed's June 26, 2017 email to Tony Wong, Shiwen Fan, Zheng Wang, Bonnie Liu, Bahram Pourmand, and Emil Youssefzadeh regarding his resignation specifically provided that he would immediately be relieved of his duties. *See* Compendium of Exhibits, Exh. H. | Sustained: ___<br><br>Overruled: ___ |

| | | | |
|---|---|---|---|
| 5. | Umar Decl. ¶ 59, in its entirety | Lacks Foundation (Fed. R. Evid. 602); Misleading<br><br>Mr. Javed's assertion that Mr. Liu was terminated at Mr. Wong's and Mr. Fan's "insistence" is misleading in that it implies wrongdoing on the part of Mr. Wong and Mr. Fan. Per the Shareholders Agreement (Exhs. 7-17), the Series A Directors had the right to nominate the first CFO, and any replacement or successor CFO. | Sustained: ___<br><br>Overruled: ___ |
| 6. | Umar Decl. ¶ 60, in its entirety | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |
| 7. | Umar Decl. ¶ 67: "It soon became clear that Mr. Luo had not previously met Mr. Fan. I later found out from Mr. Luo that he had been selected and invited to join the GIP-Cayman Board by a senior executive at Dong Yin." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |
| 8. | Umar Decl. ¶ 67: "Mr. Wong and Ms. Liu routinely appeared to act at Mr. Fan's direction and did his bidding; neither of them seemed to exercise any meaningful independence from Mr. Fan in making decisions as members of the GIP Cayman Board." | Lacks Foundation (Fed. R. Evid. 602); Speculation | Sustained: ___<br><br>Overruled: ___ |
| 9. | Umar Decl. ¶ 67: "During these meetings, Mr. Fan and Mr. Wong made statements revealing that they were acting at Dong Yin's direction when it came to the Satellite Project, and Mr. | Lacks Foundation (Fed. R. Evid. 602); Vague and Ambiguous | Sustained: ___<br><br>Overruled: ___ |

| # | | | |
|---|---|---|---|
| | Yui did not behave as the owner of a company that had just invested $175 million in GIP-Cayman." | | |
| 10. | Umar Decl. ¶ 67: "Additionally, Mr. Wong also flew Mr. Chen to Hong Kong for interviews with Dong Yin before allowing the GIP-Cayman Board to consider, and ultimately approve, his hiring." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___ <br><br> Overruled: ___ |
| 11. | Umar Decl. ¶ 67: "Mr. Wong requested a two-week delay before any Board resolutions were approved, apparently so that he and Mr. Fan would have time to present those resolutions to Dong Yin for approval before any contemplated Board action." | Lacks Foundation (Fed. R. Evid. 602); Speculation | Sustained: ___ <br><br> Overruled: ___ |
| 12. | Umar Decl. ¶ 68: "We asked Luo to have this memorandum prepared so that counsel's legal advice could be presented to Bronzelink and Dong Yin…" | Inadmissible Hearsay (Fed. R. Evid. 801); Irrelevant (Fed. R. Evid. 401) | Sustained: ___ <br><br> Overruled: ___ |
| 13. | Umar Decl. ¶ 69: "During our meeting, Mr. Fan told me that Mr. Luo was not the "real" Chairman of the Board, but just a front man to show to outsiders. Mr. Fan further stated that from the perspective of Dong Yin, who had provided the investment funds, he was the real Chairman of the Board. Furthermore, he stated that Mr. Wong was his subordinate." | Inadmissible Hearsay (Fed. R. Evid. 801); Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___ <br><br> Overruled: ___ |
| 14. | Umar Decl. ¶ 79: "Mr. Zhao also resigned from the GIP-Cayman Board of Directors, which | Lacks Foundation (Fed. R. Evid. 602); Vague and Ambigous | Sustained: ___ <br><br> Overruled: ___ |

| # | Material Objected To | Grounds for Objection | Ruling |
|---|---|---|---|
|  | added to the governance and compliance problems." |  |  |
| 15. | Umar Decl. ¶ 90, in its entirety | Inadmissible Hearsay (Fed. R. Evid. 801); Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |
| 16. | Umar Decl. ¶ 93, in its entirety | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___<br><br>Overruled: ___ |
| 17. | Umar Decl. ¶ 96: "This convinced me that the corporate governance issues were only worsening, as Henry Fan had previously worked as an outside consultant for Shiwen Fan and/or Dong Yin, and Mr. Zhang had previously been a paid advisor to Shiwen Fan and Bronzelink." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |
| 18. | Umar Decl. ¶ 103: "[T]he Facility Agreement effectively gave Dong Yin control of Bronzelink. . . ." | Improper Legal Conclusion; Best Evidence Rule (Fed. R. Evid. 1002) | Sustained: ___<br><br>Overruled: ___ |
| 19. | Umar Decl. ¶ 107: "As stated above, our resignations became effective on or about August 25, 2017, and we continued to be actively involved in the management of CIP-Cayman until on or about August 16, 2017." | Improper Legal Conclusion; Improper Opinion of a Lay Witness; Best Evidence Rule (Fed. R. Evid. 1002)<br><br>Mr. Javed's June 26, 2017 email to Tony Wong, Shiwen Fan, Zheng Wang, Bonnie Liu, Bahram Pourmand, and Emil Youssefzadeh regarding his resignation specifically provided that he would immediately be relieved of his duties. *See* Compendium of Exhibits, Exh. H. | Sustained: ___<br><br>Overruled: ___ |
| 20. | Umar Decl. ¶ 111: "I had the authority to direct that these | Improper Legal Conclusion | Sustained: ___ |

| | | | |
|---|---|---|---|
| | disclosures be made. I directed that they be made in the course and scope of my duties and responsibiltiies in these positions; and I directed that they be made in the interests of GIP-Cayman." | | Overruled: ___ |
| 21. | Umar Decl. ¶ 126: "I did not believe that the email was a privileged communication." | Improper Legal Conclusion | Sustained: ___<br><br>Overruled: ___ |
| 22. | Umar Decl. ¶ 129: "Mr. Dong made several comments to us indicating that he was aware of the contents of both the Milbank Memo and the Chen Memo. | Inadmissible Hearsay (Fed. R. Evid. 801); Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |
| 23. | Umar Decl. ¶ 132, in its entirety | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___<br><br>Overruled: ___ |
| 24. | Umar Decl. ¶ 133: "Mr. Chang stated that he had been in contact with Dong Yin, and Dong Yin representatives, including Mr. Dong, Mr. Long, Mr. Zeng, and others, and had read both the Milbank Memo and the Chen Memo." | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___<br><br>Overruled: ___ |
| 25. | Umar Decl. ¶ 134: "Sidley had represented Bronzelink in its investment in GIP-Cayman; it was not acting as Bronzelink's ITAR counsel, and did not represent GIP-Cayman or GIP-USA in any capacity." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |
| 26. | Umar Decl. ¶ 135, in its entirety | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___<br><br>Overruled: ___ |

| # | Quote | Objection | Ruling |
|---|---|---|---|
| 27. | Umar Decl. ¶ 139: "During our discussions, Ms. Li confirmed to me that she had read both the Milbank Memo and the Chen Memo." | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___<br><br>Overruled: ___ |
| 28. | Umar Decl. ¶ 142: "Both consultants confirmed to me that they had read the Milbank Memo and the Chen Memo carefully. They told us that Dong Yin would reward us if we were willing to back off and drop the compliance issues." | Inadmissible Hearsay (Fed. R. Evid. 801) | Sustained: ___<br><br>Overruled: ___ |
| 29. | Umar Decl. ¶ 143: "Ms. Li was permitted to attend the meeting as an observer." | Lacks Foundation (Fed. R. Evid. 602) | Sustained: ___<br><br>Overruled: ___ |

Dated: _____, 2018

_____
Hon. Josephine L. Staton
United States District Court Judge