1    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2      Including Professional Corporations
   CHARLES L. KREINDLER, Cal. Bar No. 119933
3    ckreindler@sheppardmullin.com
   JENNIFER G. REDMOND, Cal. Bar No. 144790
4    jredmond@sheppardmullin.com
   TRAVIS J. ANDERSON, Cal. Bar No. 265540
5    tanderson@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6    Los Angeles, California 90071-1422
   Telephone:  213.620.1780
7    Facsimile:  213.620.1398

8    Attorneys for Non-Parties Global-IP
   Cayman and Global IP USA, Inc.
9

10               UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 STM ATLANTIC N.V., a Dutch company; STM GROUP, INC., a 14 Delaware corporation; EMIL YOUSSEFZADEH, an individual; and 15 UMAR JAVED, an individual, | Case No. 2:18-cv-01269-JLS-JCG |
| 16          Plaintiffs, | **GLOBAL-IP CAYMAN AND GLOBAL IP USA, INC.'S RESPONSES TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS FILED IN SUPPORT OF GLOBAL-IP CAYMAN AND GLOBAL IP USA, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL DETERMINATION** |
| 17          v. | |
| 18 DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, a Hong Kong 19 unlimited company; CHINA ORIENT ASSET MANAGEMENT 20 (INTERNATIONAL) HOLDING LIMITED, a Hong Kong limited 21 company; and LUDWIG CHANG, an individual,, | **[FILED UNDER SEAL PER COURT ORDER OF APRIL 2, 2018]** |
| 22          Defendants. | HEARING |
| 23 | Judge:   Hon. Josephine L. Staton<br>Date:    May 11, 2018<br>Time:    2:30 p.m.<br>Place:   Courtroom 10A |

24

25

26

27

28

Non-parties Global-IP Cayman and Global IP USA, Inc. (collectively, "GIP") hereby respond to the Evidentiary Objections of Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed (collectively, "Plaintiffs") to the Declarations of Bahram Pourmand, Ludwig Chang, Shiyue Liu, William Wade and Yuen Cheung Wong submitted in support of its Opposition to Plaintiffs' Motion for Judicial Determination that the Milbank Memo, Chen Memo and Related Communications are not Subject to the Attorney-Client Privilege or Work Product Doctrine.

## A.    Objections to the Declaration of Bahram Pourmand.

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 1. | Pourmand Decl. ¶ 3, p. 2, ll. 21-25: "However, to my knowledge, Dong Yin's and Amore's interest and influence over GIP have not extended beyond that of a typical commercial lender minding a nine-figure investment. To my knowledge, Dong Yin and Amore have never requested or received any of GIP's attorney-client privileged communications or attorney work product." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Pourmand fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding Dong Yin's and Amore's interest and influence over GIP and/or whether they requested or received GIP attorney-client privileged communications or attorney work product; moreover, Mr. Pourmand was relieved of his duties as CEO in September 2016, and was rarely present at the GIP offices in El Segundo prior to July 2017. As a result, Mr. Pourmand's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Mr. Pourmand has provided facts sufficient to establish the basis for his personal knowledge regarding Dong Yin's and Amore's interest and influence over GIP and whether they requested or received GIP attorney-client privileged communications or attorney work product.  Prior to the text quoted by Plaintiffs, Mr. Pourmand states, "Through my work with GIP, I am aware that Dong Yin is the parent company of Amore Resources Limited ('Amore')."  Mr. Pourmand further established, in paragraph one of his declaration, that he is the Chief Executive Officer of Global-IP Cayman and Global IP USA, Inc.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").  Further, Mr. Pourmand's statements are not speculative because he specifically states that he is speaking only to his knowledge.

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 2. | Pourmand Decl. ¶ 4, p. 3, ll. 7-8: "These contracts are stamped 'Proprietary' (Boeing) and 'Proprietary and Confidential' (SpaceX)." | Best evidence (Fed. R. Evid. 1002). Mr. Pourmand fails to provide the referenced contracts in support of his assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). |

**RESPONSE:**

Mr. Pourmand did not fail to provide the referenced contracts in support of his assertion.  Mr. Pourmand states, two sentences after the assertion

quoted by Plaintiffs, "True and correct copies of these non-disclosure agreements, which have been partly redacted, are attached to GIP's Compendium of Exhibits (the 'Compendium') as **Exhibit A**."

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 3. | Pourmand Decl. ¶ 6, p. 4, ll. 9-15: "The Shareholders Agreement is governed by the law of England and Wales, contains a dispute resolution provision obligating the parties to resolve disputes through final and binding arbitration in Hong Kong administered by the Hong Kong International Arbitration Centre ('HKIAC') under the HKIAC Administered Arbitration Rules, and contains yet another confidentiality provision requiring them to keep confidential business information of Global IP Cayman confidential while they remain a shareholder and for two years thereafter." | Best evidence (Fed. R. Evid. 1002). Mr. Pourmand fails to provide the referenced Shareholders Agreement in support of his assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). |

**RESPONSE:**

The Shareholders Agreement has been submitted as an exhibit in Plaintiffs' moving papers (*see* Dkt. 29-4, Exhibit 7) and Plaintiffs do not dispute the authenticity of the Shareholders Agreement or Mr. Pourmand's descriptions or characterizations of that agreement.

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|

| 4. | Pourmand Decl. ¶ 7, p. 4, l. 26 – p. 5, l. 2:<br><br>"In the course and scope of its engagement as counsel for GIP, Milbank prepared a confidential legal memorandum for GIP dated April 25, 2017 (the 'Milbank Memo'), and thereafter circulated it to GIP for purposes of providing GIP confidential legal advice." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Pourmand fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding Milbank's reason for circulating the Milbank Memo; moreover, Mr. Pourmand was relieved of his duties as CEO in September 2016, and was rarely present at the GIP offices in El Segundo prior to July 2017. As a result, Mr. Pourmand's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Mr. Pourmand has provided facts sufficient to establish the basis for his personal knowledge regarding Milbank's reason for circulating the Milbank Memo. Prior to the text quoted by Plaintiffs, Mr. Pourmand states, "Throughout my time with GIP, GIP has used the law firm of Milbank, Tweed, Hadley & McCloy LLP, including Partner Dara Panahy (collectively 'Milbank'), for the purpose of obtaining confidential legal advice."  Accordingly, Mr. Pourmand's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 5. | Pourmand Decl. ¶ 8, p. 5, ll. 13-15: "To my knowledge, except for the Individual Plaintiffs, all GIP Board Members and executives have treated the Milbank Memo and its contents confidentially and kept them internal to GIP or Bronzelink." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602, 701); Speculation (Fed. R. Evid. 602, 701). Mr. Pourmand fails to provide facts sufficient to establish the basis for his alleged personal knowledge as to how GIP Board Members and executives treated the Milbank Memo and/or whether they kept it internal to GIP or Bronzelink; moreover, Mr. Pourmand was relieved of his duties as CEO in September 2016, and was rarely present at the GIP offices in El Segundo prior to July 2017. As a result, Mr. Pourmand's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

      Mr. Pourmand has provided facts sufficient to establish the basis for his personal knowledge as to how GIP Board Members and executives treated the Milbank Memo and whether they kept it internal to GIP or Bronzelink.  Prior to the text quoted by Plaintiffs, Mr. Pourmand states, "I received a copy of the Milbank Memo on or about April 25, 2017, in my capacity as a member of the board of directors of GIP and as the GIP CEO. A true and correct (albeit redacted) copy of that memorandum is attached as Exhibit E to the Compendium. As a Board Member and CEO of GIP, I reviewed the Milbank Memo and discussed its contents with other GIP executives and directors in confidential settings, for the purpose of assessing what, if any, measures GIP should take in response to the Milbank Memo.

I consider the Milbank Memo to be a confidential, privileged communication from GIP's counsel, and I have treated it as such." *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible."). Mr. Pourmand's statements are further not speculation because he specifically states that he is speaking only to his knowledge.

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 6. | Pourmand Decl. ¶ 9, p. 5, ll. 22-25: "In the course and scope of his work as general counsel, Chen prepared a confidential legal memorandum for GIP dated June 14, 2017 (the 'Chen Memo'), and thereafter circulated it to GIP for purposes of providing GIP confidential legal advice." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Pourmand fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding Chen's reason for circulating the Chen Memo; moreover, Mr. Pourmand was relieved of his duties as CEO in September 2016, and was rarely present at the GIP offices in El Segundo prior to July 2017. As a result, Mr. Pourmand's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

SMRH:486221230.2

-7-

Case No. 2:18-cv-01269-JLS-JCG
GIP'S RESPONSES TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO
DECLARATIONS FILED IN SUPPORT OF ITS OPPOSITION

**RESPONSE:**

Mr. Pourmand has provided facts sufficient to establish the basis for his personal knowledge regarding Chen's reason for circulating the Chen Memo. Mr. Pourmand established, through paragraphs 1 and 8 of his declaration, that he served as the Chief Executive Officer and a member of the board of directors of GIP. He further established, in paragraph 9 preceding the text quoted by Plaintiffs, that "GIP hired Chris Chen to serve as GIP's in-house general counsel." Mr. Pourmand has thus provided sufficient foundation for his knowledge regarding Chen's work "for the purpose of providing GIP confidential legal advice." Accordingly, Mr. Pourmand's statement also does not constitute speculation. *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 7. | Pourmand Decl. ¶ 10, p. 6, ll. 6-8: "Except for the Individual Plaintiffs, I believe that all GIP Board members and executives have treated the Chen Memo and its contents confidentially and kept them internal to GIP or Bronzelink, its majority owner." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Pourmand fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding how GIP Board Members and executives treated the Chen Memo and/or whether they kept it internal to GIP or Bronzelink; moreover, Mr. Pourmand was relieved of his duties as CEO in September 2016, and was rarely present at the GIP offices in El Segundo prior to July 2017. As a result, Mr. Pourmand's statements |

| | | amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Mr. Pourmand has provided facts sufficient to establish the basis for his personal knowledge regarding how GIP Board Members and executives treated the Chen Memo and whether they kept it internal to GIP or Bronzelink.  Immediately prior to the text quoted by Plaintiffs, Mr. Pourmand stated, "I received a copy of the Chen Memo on or about June 14, 2017, in my capacity as a member of the board of directors of GIP and as the GIP CEO.  In those capacities, I reviewed the Chen Memo and discussed its contents with other GIP directors and executives in confidential settings, for the purpose of determining what, if any, measures GIP should take in response to the Chen Memo."  Accordingly, Mr. Pourmand's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | **Material Objected To:** | **Grounds for Objection:** |
|---|---|---|
| 8. | Pourmand Decl. ¶ 11, p. 6, ll. 19-24: "Later that same day, Mr. Youssefzadeh sent an email to SpaceX and an email to Boeing Satellite Systems International ("Boeing") purporting to reveal some of the contents of the Milbank | Lack of Foundation (Fed. R. Evid. 602). Mr. Pourmand is not copied on the referenced emails, nor does he state how he received copies of the emails; further, the referenced exhibits do not appear to be true and correct copies |

| | |
|---|---|
| Memo and the Chen Memo. Attached as Exhibits I – J to the Compendium are true and correct copies of these emails, which have been partly redacted to protect the privilege." | of the referenced emails. The true and correct copies have been submitted into evidence by Plaintiffs with the Motion. *See* Plaintiffs' Compendium of Exhibits, Exhs. 45-46. |

**RESPONSE:**

Plaintiffs fail to provide any basis for their belief that Exhibits I and J are not true and correct copies of the emails sent from Emil Youssefzadeh to Boeing and SpaceX.  Indeed, Exhibits I and J to GIP's Compendium of Exhibits in support of its Opposition are the exact same documents as Exhibits 45 and 46 to Plaintiff's Compendium of Exhibits, with the exception of variations in redactions. Moreover, Mr. Pourmand's testimony is relevant not for the purpose of authenticating the emails (the authenticity is not disputed) but instead to show that Mr. Pourmand and GIP did not have advanced notice of or authorize the sending of those emails or the making of those disclosures.

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 9. | Pourmand Decl. ¶ 11, p. 6, l. 25 – p. 7, l. 2: "I consider these emails to constitute unauthorized disclosures of GIP's privileged information. I also believe that Emil Youssefzadeh breached his fiduciary duty (as a Board Member) to GIP when he unilaterally made these disclosures without prior notice or approval from the Board." | Improper Legal Conclusion; Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the terms "unauthorized" and "breached his fiduciary duty." |

**RESPONSE:**

Whether Mr. Pourmand considered Mr. Youssefzadeh's emails as authorized by GIP is not an improper legal conclusion. Indeed, whether GIP permitted or approved of Mr. Youssefzadeh's conduct is a factual matter not based in law. *See, e.g.*, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (finding that testimony that defendants deviated from industry standards supported a finding that they acted in bad faith, and that such testimony did not reach a legal conclusion that defendants actually acted in bad faith).

_____ Sustained _____ Overruled

|  | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 10. | Pourmand Decl. ¶ 12, p. 7, ll. 4-6: "In the wake of Mr. Youssefzadeh's unauthorized disclosure to Boeing, Boeing asked for information relating to what efforts GIP was taking since Mr. Youssefzadeh's email." | Improper Legal Conclusion; Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the term, "unauthorized disclosure." |

**RESPONSE:**

Whether Mr. Pourmand considered Mr. Youssefzadeh's emails as authorized by GIP is not an improper legal conclusion. Indeed, whether GIP permitted or approved of Mr. Youssefzadeh's conduct is a factual matter not based in law. *See, e.g.*, *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (finding that testimony that defendants deviated from industry standards supported a finding that they acted in bad faith, and that such testimony did not reach a legal conclusion that defendants actually acted in bad faith).

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 11. | Pourmand Decl. ¶ 13, p. 7, ll. 15-23: "As to any of my communications on behalf of GIP to GIP's business partners Boeing Satellite Systems International (GIP's satellite provider) and SpaceX (GIP's satellite launch provider) regarding export control compliance, those communications were made during a time period when the parties had and continue to have a shared interest in export control compliance (particularly in the context of the allegations being raised by the Individual Plaintiffs and the multiple lawsuits that they have filed), the communications were reasonably necessary to further that shared interest, and the communications were made on a confidential basis pursuant to the parties' nondisclosure agreements." | Improper Legal Conclusion; Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the terms "shared interest," "reasonably necessary" and "made on a confidential basis pursuant to the parties' nondisclosure agreements." |

**RESPONSE:**

Mr. Pourmand is describing the time period in which he sent communications on behalf of GIP to GIP's business partners, Boeing and SpaceX, on the basis on his personal knowledge as the Chief Executive Officer of GIP and a member of its board of directors.  Mr. Pourmand is not making any conclusion regarding the applicability of the nondisclosure agreements to his communications. *See, e.g., Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (finding that testimony that defendants deviated from industry standards supported a finding that they acted in bad faith, and that such testimony did not reach a legal conclusion that defendants actually acted in bad faith).

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 12. | Pourmand Decl. ¶ 14, p. 7, l. 28 – p. 8, l. 2:<br>"It was my understanding from conversations with other GIP Board Members that Dr. Altwein and Ms. Miao were business consultants retained by Bronzelink." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602, 701); Inadmissible Hearsay (Fed. R. Evid. 801).<br>Mr. Pourmand fails to provide facts sufficient to establish the basis for any alleged personal knowledge as to whether Dr. Altwein and Ms. Miao were business consultants retained by Bronzelink. He also cannot base his assertion on alleged conversations with other GIP Board Members (who are unidentified nonetheless) which are out of court statements that cannot be introduced for the truth of the matter asserted.<br>Fed. R. Evid. 801. |

**RESPONSE:**

Mr. Pourmand has provided facts sufficient to establish the basis for his personal knowledge regarding whether Dr. Altwein and Ms. Miao were business consultants retained by Bronzelink because he states that he learned this information through conversations with other GIP board members. These conversations are not inadmissible hearsay because Mr. Pourmand is not attempting to speak to a specific statement from his conversations with other GIP board members. Even if these conversations constitute a statement for purposes of Federal Rule of Evidence 801, Mr. Pourmand is not seeking to admit it for the truth of the matter asserted, but rather to illustrate that he had no reason to believe Dr. Altwein and Ms. Miao were sent by Dong Yin (as he clarifies two sentences after the text quoted by Plaintiffs). *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden

1  on a witness; if reasonable persons could differ as to whether the witness had an

2  adequate opportunity to observe, the witness's testimony is admissible.").

3  _____ Sustained _____ Overruled

4

| | | Material Objected To: | Grounds for Objection: |
|---|---|---|---|
| 13. | | Pourmand Decl. ¶ 14, p. 8, ll. 2-4: "I understood that [Dr. Altwein and Ms. Miao] were sent on behalf of Bronzelink to help Bronzelink gauge the economic prospects of GIP's plans to launch satellites and provide telecommunication services for Africa." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602, 701); Inadmissible Hearsay (Fed. R. Evid. 801). Mr. Pourmand's vague assertion as to what he "understood" fails to provide facts sufficient to establish the basis for personal knowledge with regard to who sent Dr. Altwein and Ms. Miao and/or the reason they were sent. He also cannot base his assertions on alleged conversations with other GIP Board Members which are out of court statements that cannot be introduced for the truth of the matter asserted. Fed. R. Evid. 801. |

**RESPONSE:**

Mr. Pourmand has provided facts sufficient to establish the basis for his

personal knowledge regarding who sent Dr. Altwein and Ms. Miao and/or the reason

they were sent because he states in the same paragraph that he learned this

information through conversations with other GIP board members. These

conversations are not inadmissible hearsay because Mr. Pourmand is not attempting

to speak to a specific statement from his conversations with other GIP board

members. Even if these conversations constitute a statement for purposes of Federal

Rule of Evidence 801, Mr. Pourmand is not seeking to admit it for the truth of the

matter asserted, but rather to illustrate that he had no knowledge regarding whether

1  Dr. Altwein and Ms. Miao were sent by Dong Yin.  *See* Fed. R. Evid. 602; *Strong v.*
2  *Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of
3  personal knowledge imposes only a minimal burden on a witness; if reasonable
4  persons could differ as to whether the witness had an adequate opportunity to
5  observe, the witness's testimony is admissible.").

6  _____ Sustained _____ Overruled

7

8  **B.     Objections to Declaration of Ludwig Chang.**

9

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 14. | Chang Decl., in its entirety. | The Declaration of Ludwig Chang should be stricken in its entirety as it was not signed by Mr. Chang as required by 28 U.S.C. Section 1746. *See Lelieve v. Oroso*, 846 F. Supp. 2d 1294, 1299 n.2 (S.D. Fla. 2012) (not considering as evidence an amended complaint that did not contain a signed and dated declaration in compliance with 28 U.S.C. § 1746). Moreover, any subsequent filing of an amended declaration would be untimely under the Court's scheduling order dated April 2, 2018. |

22  **RESPONSE:**

23       Although Mr. Chang did not personally sign his declaration because he
24  was traveling in Nukus, Uzbekistan, he authorized his attorney, Jennifer L. Williams
25  of Cohen Williams LLP to sign on his behalf.  Moreover, strict compliance with 28
26  U.S.C. Section 1746 is not required where evidence proffered is duplicative of
27  evidence contained in other sworn declarations.  *See*, *e.g.*, Cunningham v. Bank
28  One, 487 F. Supp. 2d 1189, 1190-1191 (W.D. Washington 2007).  Here, Mr.

Chang's testimony has been corroborated by Plaintiffs themselves through the

additional declarations of Mr. Youssefzadeh and Mr. Javed in support of their reply.

_____ Sustained _____ Overruled

| | | Material Objected To: | Grounds for Objection: |
|---|---|---|---|
| 15. | | Chang Decl. ¶ 2, p. 2, ll. 26-27: "In exchange for my services, the Individual Plaintiffs paid me $1,600, through a check from STM Atlantic N.V." | Best evidence (Fed. R. Evid. 1002). Mr. Chang fails to provide the referenced check in support of his assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). |

**RESPONSE:**

The Best Evidence Rule is inapplicable because Mr. Chang is not

seeking to prove the contents of the check from STM Atlantic N.V.  Mr. Chang

rather states that he was paid $1,600 by Individual Plaintiffs on the basis of his

personal knowledge, and references the check from STM Atlantic as the method by

which he received this amount.  *See* Fed. R. Evid. 1002, Notes of Advisory

Committee on Proposed Rules ("For example, payment may be proved without

producing the written receipt which was given."); *U.S. v. Gonzales-Benitez*, 537

F.2d 1051, 1053 (9th Cir. 1976) ("The [best evidence] rule does not set up an order

of preferred admissibility, which must be followed to prove any fact. It is, rather, a

rule applicable only when one seeks to prove the contents of documents or

recordings.").

_____ Sustained _____ Overruled

Case No. 2:18-cv-01269-JLS-JCG
GIP'S RESPONSES TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO
DECLARATIONS FILED IN SUPPORT OF ITS OPPOSITION

1
2

## C.     Objections to Declaration of Shiyue Liu.

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 16. | Liu Decl. ¶ 4, p. 3, ll. 1-4: ". . . Bronzelink from time to time receives privileged and/or confidential information relating to GIP. Whilst I am not involved in Bronzelink's day-to-day operations, it is my understanding that Bronzelink treats all such information as privileged and/or confidential, and does not disclose it to anyone outside of Bronzelink except pursuant to a non-disclosure agreement and for business reasons." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Ms. Liu fails to provide facts sufficient to establish the basis for her alleged personal knowledge as to how Bronzelink treats privileged and/or confidential information relating to GIP and/or whether it discloses such information to anyone outside Bronzelink; in fact, Ms. Liu admits she is not involved it Bronzelink's day-today operations. As a result, Ms. Liu's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Ms. Liu has provided facts sufficient to establish the basis for her personal knowledge regarding how Bronzelink treats privileged or confidential information relating to GIP and whether it discloses such information to anyone outside Bronzelink. Ms. Liu established, in paragraph 1 of her declaration, that she has served on the Board of Directors for Bronzelink since June 3, 2016. Ms. Liu clearly states that she has an understanding regarding this matter. Accordingly, Ms. Liu's statement also does not constitute speculation. *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable

persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 17. | Liu Decl. ¶ 5, p. 3, ll. 18-19: "These contracts are stamped 'Proprietary' (Boeing) and 'Proprietary and Confidential' (SpaceX)." | Best evidence (Fed. R. Evid. 1002). Ms. Liu fails to provide the referenced contracts in support of her assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). |

**RESPONSE:**

The contents of the nondisclosure agreements referenced in paragraph 5 of Ms. Liu's declaration are not in dispute and have been separately authenticated by Bahram Pourmand (*see* Pourmand Decl. ¶ 4, Ex. A). Moreover, Ms. Liu's testimony is relevant to show that she, as a GIP Board Member, understands the confidentiality agreements with Boeing and SpaceX and seeks to uphold them. *See Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993) (characterizing Fed. R. Evid. 401 as a "liberal" standard of relevance).

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 18. | Liu Decl. ¶ 7, p. 4, ll. 19-26: "The Shareholders Agreement is governed by the law of England and Wales, contains a dispute resolution provision obligating the parties to resolve disputes through final and binding arbitration in Hong Kong | Best evidence (Fed. R. Evid. 1002). Ms. Liu fails to provide the referenced Shareholders Agreement in support of her assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless |

| | |
|---|---|
| administered by the Hong Kong International Arbitration Centre ('HKIAC') under the HKIAC Administered Arbitration Rules, and contains yet another confidentiality provision requiring them to keep confidential business information of Global IP Cayman confidential while they remain a shareholder and for two years thereafter." | these rules or a federal statute provides otherwise."). |

**RESPONSE:**

The Shareholders Agreement has been submitted as an exhibit in Plaintiffs' moving papers (*see* Dkt. 29-4, Exhibit 7) and Plaintiffs do not dispute the authenticity of the Shareholders Agreement or Ms. Liu's descriptions or characterizations of that agreement.

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 19. | Liu Decl. ¶ 8, p. 5, ll. 8-11: "In the course and scope of its engagement as counsel for GIP, Milbank prepared a confidential legal memorandum for GIP dated April 25, 2017 (the "Milbank Memo"), and thereafter circulated it to GIP for purposes of providing GIP confidential legal advice." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Ms. Liu fails to provide facts sufficient to establish the basis for her alleged personal knowledge regarding Milbank's reason for circulating the Milbank Memo. As a result, Ms. Liu's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Ms. Liu has provided facts sufficient to establish the basis for her personal knowledge regarding Milbank's reason for circulating the Milbank Memo. Ms. Liu established, in paragraph 1 of her declaration, that she has been a member of the GIP board of directors since June 3, 2016.  Prior to the text quoted by Plaintiffs, Ms. Liu further states, "In or about July 2016, GIP retained the law firm of Milbank, Tweed, Hadley & McCloy LLP, including Partner Dara Panahy (collectively "Milbank"), to provide confidential legal advice to GIP."  Accordingly, Ms. Liu's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 20. | Liu Decl. ¶ 10, p. 6, ll. 1-4: "In the course and scope of his work as general counsel, Chen prepared a confidential legal memorandum for GIP dated June 14, 2017 (the 'Chen Memo'), and thereafter circulated it to GIP for purposes of providing GIP confidential legal advice." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Ms. Liu fails to provide facts sufficient to establish the basis for her alleged personal knowledge regarding Chen's reason for circulating the Chen Memo. As a result, Ms. Liu's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Ms. Liu has provided facts sufficient to establish the basis for her personal knowledge regarding Chen's reason for circulating the Chen Memo. Ms. Liu established, through paragraph 1 of her declaration, that she has served as a member of the GIP board of directors since June 3, 2016. She further established, in paragraph 10 preceding the text quoted by Plaintiffs, that "GIP hired Chris Chen to serve as GIP's in-house general counsel." Ms. Liu has thus provided sufficient foundation for his knowledge regarding Chen's work "for the purpose of providing GIP confidential legal advice." Accordingly, Ms. Liu's statement also does not constitute speculation. *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 21. | Liu Decl. ¶ 11, p. 6, ll. 14-17: "Except for the Individual Plaintiffs, I believe that all GIP directors and executives have treated the Chen Memo and its contents confidentially and kept them internal to GIP or Bronzelink." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Ms. Liu fails to provide facts sufficient to establish the basis for her alleged personal knowledge as to how GIP directors and executives treated the Chen Memo and/or whether they kept it internal to GIP or Bronzelink. As a result, Ms. Liu's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Ms. Liu has provided facts sufficient to establish the basis for her personal knowledge regarding how GIP Board Members and executives treated the Chen Memo and whether they kept it internal to GIP or Bronzelink.  Immediately prior to the text quoted by Plaintiffs, Ms. Liu stated, "I received a copy of the Chen Memo on or about June 14, 2017, in my capacity as a member of the Board of Directors of GIP.  As a Board Member of GIP, I reviewed the Chen Memo and discussed its contents with other GIP directors and GIP executives in confidential settings, for the purpose of determining what, if any, measures GIP should take in response to the Chen Memo."  Accordingly, Ms. Liu's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 22. | Liu Decl. ¶ 12, p. 6, ll. 24-25: "To my knowledge, Dong Yin had no involvement whatsoever in the hiring of Mr. Chen as GIP's general counsel and Board secretary." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Ms. Liu fails to provide facts sufficient to establish the basis for her alleged personal knowledge regarding Dong Yin's involvement with the hiring of Mr. Chen. As a result, Ms. Liu's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on |

| | | speculation should not be considered). |
|---|---|---|

**RESPONSE:**

Ms. Liu's statement does not lack foundation because she is speaking only to her knowledge.  Moreover, she has provided facts sufficient to establish the basis for her personal knowledge regarding Dong Yin's involvement with the hiring of Mr. Chen because she has been a member of the GIP board of directors since June 3, 2016, as established by paragraph 1 of her declaration.  Accordingly, Ms. Liu's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 23. | Liu Decl. ¶ 14, p. 7, ll. 12-15: "I am also not aware of anyone at GIP or Bronzelink believing that this facility agreement requires Bronzelink or GIP to disclose otherwise attorney-client privileged information to Amore or Dong Yin." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701); Relevance (Fed. R. Evid. 401). Ms. Liu fails to provide facts sufficient to establish the basis for her alleged personal knowledge of what anyone at GIP or Bronzelink believed regarding the requirements of the facility agreement. As a result, Mr. Liu's statements amount to nothing more than speculation and are irrelevant. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and |

| | | should not be considered). |
|---|---|---|

**RESPONSE:**

Ms. Liu's statement does not lack foundation because she is speaking only to her knowledge.  Moreover, she has provided facts sufficient to establish the basis for her personal knowledge regarding how the Facility Agreement was interpreted and applied by GIP or Bronzelink because she has been a member of both companies' boards of directors since June 3, 2016, as established by paragraph 1 of her declaration.  Accordingly, Ms. Liu's statement also does not constitute speculation.  *See Fed. R. Evid. 602; Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").  Moreover, this statement is relevant to Plaintiffs' contention in its Motion for Judicial Determination that "[t]he Facility Agreement . . . obligated Bronzelink to provide copies of the Milbank and Chen Memos to Amore, and thus to Dong Yin."  (Dkt. 31 at 16:14-16).

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 24. | Liu Decl. ¶ 16, p. 8, ll. 17-22: "Later that same day, Mr. Youssefzadeh sent an email to SpaceX and an email to Boeing Satellite Systems International ("Boeing") purporting to reveal some of the contents of the Milbank Memo and the Chen Memo. Attached as Exhibits I – J to the Compendium are true and correct copies of these emails, which have | Lack of Foundation (Fed. R. Evid. 602). Ms. Liu is not copied on the referenced emails, nor does she state how she received copies of the emails; further, the referenced exhibits do not appear to be true and correct copies of the referenced emails. The true and correct copies have been submitted into evidence by Plaintiffs with the Motion. *See* |

| | |
|---|---|
| been partly redacted to protect the privilege." | Plaintiffs' Compendium of Exhibits, Exhs. 45-46. |

**RESPONSE:**

   Plaintiffs fail to provide any basis for their belief that Exhibits I and J are not true and correct copies of the emails sent from Emil Youssefzadeh to Boeing and SpaceX.  Indeed, Exhibits I and J to GIP's Compendium of Exhibits in support of its Opposition are the exact same documents as Exhibits 45 and 46 to Plaintiff's Compendium of Exhibits, which the exception of variations in redactions.  Moreover, Ms. Liu's testimony is relevant not for the purpose of authenticating the emails (the authenticity is not disputed) but instead to show that Ms. Liu and GIP did not have advanced notice of or authorize the sending of those emails or the making of those disclosures.

        \_\_\_\_ Sustained \_\_\_\_ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 25. | Liu Decl. ¶ 16, p. 8, ll. 23-27: "I consider these emails to constitute unauthorized disclosures of GIP's privileged information. I also believe that Emil Youssefzadeh breached his fiduciary duty (as a Board Member) to GIP when he unilaterally made these disclosures without prior notice or approval from the Board." | Improper Legal Conclusion; Lack of Foundation (Fed. R. Evid. 602); Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the terms "unauthorized" and "breached his fiduciary duty." Ms. Liu provides no factual basis for her purported "understanding." |

**RESPONSE:**

   Whether Ms. Liu considered Mr. Youssefzadeh's emails as authorized by GIP is not an improper legal conclusion.  Indeed, whether GIP permitted or approved of Mr. Youssefzadeh's conduct is a factual matter not based in law.  *See, e.g.*, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir.

2004) (finding that testimony that defendants deviated from industry standards supported a finding that they acted in bad faith, and that such testimony did not reach a legal conclusion that defendants actually acted in bad faith).

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 26. | Liu Decl. ¶ 18, p. 9, ll. 10-18: "To the extent there have been further communications between GIP and its business partners Boeing Satellite Systems International (GIP's satellite provider) and SpaceX (GIP's satellite launch provider) regarding export control compliance, those communications were made at a time when the parties had and continue to have a shared interest in export control compliance (particularly in the context of the allegations being raised by the Individual Plaintiffs and the multiple lawsuits that they have filed), the communications were reasonably necessary to further that shared interest, and the communications were made on a confidential basis pursuant to the parties' nondisclosure agreements." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602, 701); Improper Legal Conclusion; Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the terms "shared interest" and "reasonably necessary." Ms. Liu fails to provide any underlying factual basis for how she came to know this information and how she knows that "the parties had and continue to have a shared interest in export control compliance (particularly in the context of the allegations being raised by the Individual Plaintiffs and the multiple lawsuits that they have filed)." |

**RESPONSE:**

Ms. Liu is describing the time period in which communications were sent to GIP's business partners, Boeing and SpaceX, and her understanding of the joint disclosure arrangements between these entities, on the basis of her personal knowledge as a member of GIP's board of directors.  Ms. Liu is not making any

1  conclusion regarding the applicability of the nondisclosure agreements to these

2  communications.  *See, e.g.*, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d

3  998, 1016 (9th Cir. 2004) (finding that testimony that defendants deviated from

4  industry standards supported a finding that they acted in bad faith, and that such

5  testimony did not reach a legal conclusion that defendants actually acted in bad

6  faith).

7  _____ Sustained _____ Overruled

8

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 27. | Liu Decl. ¶ 19, p. 9, ll. 21-23: "It was my understanding from conversations with other GIP Board Members that Dr. Altwein and Ms. Miao were business consultants retained by Bronzelink." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602, 701); Inadmissible Hearsay (Fed. R. Evid. 801). Ms. Liu fails to provide facts sufficient to establish the basis for any alleged personal knowledge as to whether Dr. Altwein and Ms. Miao were business consultants retained by Bronzelink. She also cannot base her assertion on alleged conversations with other GIP Board Members (who are unidentified nonetheless) which are out of court statements that cannot be introduced for the truth of the matter asserted. Fed. R. Evid. 801. |

**RESPONSE:**

Ms. Liu has provided facts sufficient to establish the basis for her

personal knowledge regarding whether Dr. Altwein and Ms. Miao were business

consultants retained by Bronzelink because she states that she learned this

information through conversations with other GIP Board Members.  Accordingly,

Ms. Liu's statement also does not constitute speculation.  These conversations are

1  also not inadmissible hearsay because Ms. Liu is not attempting to speak to a

2  specific statement from her conversations with other GIP board members.  Even if

3  these conversations constitute a statement for purposes of Federal Rule of Evidence

4  801, Ms. Liu is not seeking to admit it for the truth of the matter asserted, but rather

5  to illustrate that she had no reason to believe Dr. Altwein and Ms. Miao were sent

6  by Dong Yin, as she clarifies in the same paragraph.  *See* Fed. R. Evid. 602; *Strong*

7  *v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of

8  personal knowledge imposes only a minimal burden on a witness; if reasonable

9  persons could differ as to whether the witness had an adequate opportunity to

10  observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

13  **D.      Objections to Declaration of William Wade.**

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 28. | Wade Decl. ¶ 3, p. 3, ll. 1-4: "Based on my observations of the Bronzelink-appointed Board Members, I believe that they are just as committed as I am to ensuring that GIP Cayman and Global IP USA, Inc. ('GIP USA') (collectively 'GIP') fully complies with ITAR and EAR." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wade fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding the commitment levels of Bronzelink-appointed Board Members to ensuring GIP complies with ITAR and EAR. As a result, Mr. Wade's statements amount to nothing more than speculation and are irrelevant. *Slevin v. Home Depot*, 120 F. Supp. 2d 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). |

**RESPONSE:**

Mr. Wade is not speaking directly to the "commitment levels of Bronzelink-appointed Board Members to ensuring GIP complies with ITAR and EAR, but is rather speaking to his personal belief based on his observations as a member of GIP's Board of Directors.  Accordingly, Mr. Wade's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 29. | Wade Decl. ¶ 4, p. 3, ll. 11-14: "I was informed that Dr. Altwein and Ms. Miao were business consultants. Although I was not formally notified of the purpose of their visit, I assumed that they were sent on behalf of Bronzelink to help Bronzelink gauge the economic prospects of GIP's plans to launch satellites and provide telecommunication services for Africa." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701); Relevance (Fed. R. Evid. 401). Mr. Wade fails to provide facts sufficient to establish the basis for his alleged personal knowledge as to whether Dr. Altwein and Ms. Miao were sent on behalf of Bronzelink and/or the reason they were sent; in fact, Mr. Wade admits he made an assumption as to the reason. As a result, Mr. Wade's statements amount to nothing more than speculation and are irrelevant. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). |

**RESPONSE:**

Mr. Wade states, prior to the text quoted by Plaintiffs, that "[o]n or about November 16, 2017, I along with a number of Global IP executives attended a meeting with Dr. Michael Altwein and Ms. Pin Fen Miao at GIP USA's office in Los Angeles." He thus laid sufficient foundation as to his statement that he was not formally notified of the purpose of Dr. Altwein's and Ms. Miao's visit. Accordingly, Mr. Wade's statement also does not constitute speculation. *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 30. | Wade Decl. ¶ 4, p. 3, ll. 22-23: "Again, this is contrary to my understanding, as I believed at the time, and still do, that [Dr. Altwein and Ms. Miao] were from Bronzelink." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wade fails to provide facts sufficient to establish the basis for his alleged personal knowledge as to whether Dr. Altwein and Ms. Miao were from Bronzelink. As a result, Mr. Wade's statements amount to nothing more than speculation and are irrelevant. *Slevin v. Home Depot*, 120 F. Supp. 2d 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). |

**RESPONSE:**

Mr. Wade statement's does not lack foundation and is not speculative because he is speaking only to his knowledge and personal understanding. Moreover, he has provided facts sufficient to establish the basis for her personal knowledge regarding whether Dr. Altwein and Ms. Miao were from Bronzelink because he is a member of the GIP board of directors and met with Dr. Altwein and Ms. Miao on November 16, 2017, as established by paragraph 4 of Mr. Wade's declaration.  Accordingly, Mr. Wade's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

**E.     Objections to Declaration of Yuen Cheung Wong.**

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 31. | Wong Decl. ¶ 3, p. 2, ll. 23-26: ". . . Bronzelink from time to time receives privileged and/or confidential information from GIP. To my knowledge, Bronzelink treats all such information as privileged and/or confidential, and does not disclose it to anyone outside of Bronzelink except pursuant to a non-disclosure agreement and for business reasons." | Lack of Foundation (Fed. R.  Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge as to how Bronzelink treats privileged and/or confidential information relating to GIP and/or whether it discloses such information to anyone outside Bronzelink. As a result, Mr. Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, |

| | | |
|---|---|---|
| | | 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Mr. Wong has provided facts sufficient to establish the basis for his personal knowledge regarding how Bronzelink treats privileged or confidential information relating to GIP and whether it discloses such information to anyone outside Bronzelink.  Mr. Wong established, in paragraph 1 of his declaration, that he has served on the Board of Directors for Bronzelink since June 3, 2016.  Mr. Wong clearly states that he has an understanding regarding this matter despite not being involved in Bronzelink's day-to-day operations.  Accordingly, Mr. Wong's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 32. | Wong Decl. ¶ 4, p. 3, ll. 8-12: "In my experience, Dong Yin has been interested in the commercial progress of GIP and has monitored GIP's progress in that regard. However, Dong Yin's and Amore's interest and influence over Bronzelink and GIP has not extended beyond that of a typical commercial lender minding a nine-figure investment." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge with regard to Dong Yin's interest and influence over Bronzelink and GIP. As a result, Mr. Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. |

| | | Cal. 2000) (stating that a declaration based on speculation should not be considered). Additionally, Mr. Wong has provided no foundation for his opinion that "Dong Yin's and Amore's interest and influence over Bronzelink and GIP has not extended beyond that of a typical commercial lender minding a nine-figure investment." |
|---|---|---|

## RESPONSE:

Mr. Wong has provided facts sufficient to establish the basis for his personal knowledge regarding Dong Yin's and Amore's interest and influence over GIP and whether they requested or received GIP attorney-client privileged communications or attorney work product. Prior to the text quoted by Plaintiffs, Mr. Wong states, "Through my work with GIP, I am aware that Dong Yin is the parent company of Amore Resources Limited ('Amore')." Mr. Wong further established, in paragraph one of his declaration, that he is a member of GIP's Board of Directors. Mr. Wong's statements are further not speculation because he specifically states that he is speaking only to his knowledge. *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

____ Sustained ____ Overruled

| | | Material Objected To: | Grounds for Objection: |
|---|---|---|---|
| | 33. | Wong Decl. ¶ 5, p. 3, l. 28 – p. 4, l. 1: "These contracts are stamped 'Proprietary' (Boeing) and | Best evidence (Fed. R. Evid. 1002). Mr. Wong fails to provide the referenced contracts in support of his assertion. Fed. R. Evid. 1002 ("An |

| | |
|---|---|
| 'Proprietary and Confidential' (SpaceX)." | original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). |

**RESPONSE:**

The contents of the nondisclosure agreements referenced in paragraph 5 of Mr. Wong's declaration are not in dispute and have been separately authenticated by Bahram Pourmand (*see* Pourmand Decl. ¶ 4, Ex. A). Moreover, Mr. Wong's testimony is relevant to show that she, as a GIP Board Member, understands the confidentiality agreements with Boeing and SpaceX and seeks to uphold them. *See Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993) (characterizing Fed. R. Evid. 401 as a "liberal" standard of relevance).

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 34. | Wong Decl. ¶ 7, p. 5, ll. 1-9: "The Shareholders Agreement is governed by the law of England and Wales, contains a dispute resolution provision obligating the parties to resolve disputes through final and binding arbitration in Hong Kong administered by the Hong Kong International Arbitration Centre ('HKIAC') under the HKIAC Administered Arbitration Rules, and contains yet another confidentiality provision requiring them to keep confidential business information of Global IP Cayman confidential while they remain a shareholder and for two years thereafter. The form and content of their Shareholders | Best evidence (Fed. R. Evid. 1002). Mr. Wong fails to provide the referenced contracts in support of his assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). |

| | Agreement are considered confidential business information of GIP." | |
|---|---|---|

**RESPONSE:**

The Shareholders Agreement has been submitted as an exhibit in Plaintiffs' moving papers (*see* Dkt. 29-4, Exhibit 7) and Plaintiffs do not dispute the authenticity of the Shareholders Agreement or Mr. Wong's descriptions or characterizations of that agreement.

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 35. | Wong Decl. ¶ 9, p. 6, ll. 5-7: "To my knowledge, except for the Individual Plaintiffs, all GIP directors and executives have treated the Milbank Memo and its contents confidentially and kept them internal to GIP or Bronzelink." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge as to how GIP directors and executives have treated the Milbank Memo and/or whether they kept it and its contents internal to GIP and/or Bronzelink. As a result, Mr. Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Mr. Wong has provided facts sufficient to establish the basis for his personal knowledge as to how GIP Board Members and executives treated the Milbank Memo and whether they kept it internal to GIP or Bronzelink.  Prior to the text

quoted by Plaintiffs, Mr. Wong states, "I received a copy of the Milbank Memo on or about April 25, 2017, in my capacity as a member of the board of directors of GIP. A true and correct (albeit redacted) copy of that memorandum is attached as Exhibit E to the Compendium. As a Board Member of GIP, I reviewed the Milbank Memo and discussed its contents with other GIP directors and GIP executives in confidential settings, for the purpose of assessing what, if any, measures GIP should take in response to the Milbank Memo. I consider the Milbank Memo to be a confidential, privileged communication from GIP's counsel, and I have treated it as such." *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible."). Mr. Wong's statements are further not speculation because he specifically states that he is speaking only to his knowledge.

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 36. | Wong Decl. ¶ 11, p. 7, ll. 1-3: "Except for the Individual Plaintiffs, I believe that all GIP directors and executives have treated the Chen Memo and its contents confidentially and kept them internal to GIP or Bronzelink." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge as to how GIP directors and executives have treated the Chen Memo and/or whether they kept it and its contents internal to GIP and/or Bronzelink. As a result, Mr. Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d 822, 835-836 (N.D. |

| | | Cal. 2000) (stating that a declaration based on speculation should not be considered). |
|---|---|---|

**RESPONSE:**

Mr. Wong has provided facts sufficient to establish the basis for his personal knowledge regarding how GIP Board Members and executives treated the Chen Memo and whether they kept it internal to GIP or Bronzelink.  Immediately prior to the text quoted by Plaintiffs, Mr. Wong stated, "I received a copy of the Chen Memo on or about June 14, 2017, in my capacity as a member of the Board of Directors of GIP. . . . As a Board Member of GIP, I reviewed the Chen Memo and discussed its contents with other GIP directors and executives in confidential settings, for the purpose of determining what, if any, measures GIP should take in response to the Chen Memo."  Accordingly, Mr. Wong's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 37. | Wong Decl. ¶ 12, p. 7, ll. 7-10: "To my knowledge, no one at Bronzelink disclosed the Milbank Memo to anyone outside of Bronzelink, including to anyone at Dong Yin. To my knowledge, no one at Bronzelink disclosed the Chen Memo to anyone outside of Bronzelink, including to anyone at Dong Yin." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding whether anyone at Bronzelink disclosed the Milbank or Chen memos to Dong Yin or anyone else outside of Bronzelink. As a |

| | | result, Mr. Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |
|---|---|---|

**RESPONSE:**

Mr. Wong's statement does not lack foundation because he is speaking only to his knowledge.  Moreover, he has provided facts sufficient to establish the basis for his personal knowledge regarding whether anyone at Bronzelink disclosed the Milbank or Chen memos to Dong Yin or anyone else outside of Bronzelink because he has been a member of Bronzelink's Board of Directors since June 3, 2016, as established by paragraph 1 of his declaration.  Accordingly, Mr. Wong's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 38. | Wong Decl. ¶ 14, p. 7, ll. 22-23: "To my knowledge, no one at Dong Yin reviewed or approved Mr. Chen's selection as general counsel." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge with respect to whether anyone at Dong Yin reviewed or approved Mr. Chen's selection as general counsel. As a result, Mr. Wong's statements |

| | | amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |
|---|---|---|

**RESPONSE:**

Mr. Wong's statement does not lack foundation because he is speaking only to his knowledge.  Moreover, he has provided facts sufficient to establish the basis for his personal knowledge regarding whether anyone at Dong Yin reviewed or approved Mr. Chen's selection as general counsel because he has been a member of GIP's Board of Directors since June 3, 2016, as established by paragraph 1 of his declaration.  Accordingly, Mr. Wong's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 39. | Wong Decl. ¶ 17, p. 8, ll. 21-25: "As is evident from the Facility Agreement itself, I do not believe the Facility Agreement to allow Amore or Dong Yin to appoint board members either to Bronzelink or to GIP Cayman. Instead, the Facility Agreement provides some basic criteria and experience that | Best evidence (Fed. R. Evid. 1002); Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>Mr. Wong fails to provide the referenced Facility Agreement in support of his assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required |

| | | |
|---|---|---|
| | must be satisfied by each board appointee." | in order to prove its content unless these rules or a federal statute provides otherwise."). |
| | | Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding what the Facility Agreement provides and whether it allows Amore or Dong Yin to appoint board members either to Bronzelink or to GIP Cayman. As a result, Mr. Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

The Best Evidence Rule does not apply because Mr. Wong is not seeking to prove the content of the Facility Agreement, but is rather speaking to his personal understanding and application of the Facility Agreement in his capacity as a Board Member of Bronzelink and Global-IP Cayman. *See U.S. v. Gonzales-Benitez*, 537 F.2d 1051, 1053 ("The [best evidence] rule does not set up an order of preferred admissibility, which must be followed to prove any fact. It is, rather, a rule applicable only when one seeks to prove the contents of documents or recordings."). Mr. Wong's statement does not lack foundation because he stated in the same paragraph, prior to the text quoted by Plaintiffs, "[i]n my capacity as a Board Member of Bronzelink, I am aware of the loan facility agreement between Bronzelink and Amore (the "Facility Agreement"), and have read its provisions." Accordingly, Mr. Wong's statement also does not constitute speculation. *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013)

("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

Moreover, Mr. Wong's testimony regarding his interpretation and application of the Facility Agreement is offered to refute Plaintiffs' assertions that he (and other Bronzelink appointed Board Members) disclose privileged information to third parties pursuant to the Facility Agreement's terms. Mr. Wong's testimony refutes this by stating that he does not believe the Facility Agreement requires such disclosures, and he does not make such disclosures pursuant to the Facility Agreement.

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 40. | Wong Decl. ¶ 17, p. 8, ll. 25-27: "Instead, the Facility Agreement provides some basic criteria and experience that must be satisfied by each board appointee. These criteria are consistent with commercially reasonable practices and ensure that adequately qualified board members are selected and appointed." | Best evidence (Fed. R. Evid. 1002); Improper Legal Conclusion; Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the term "commercially reasonable practices." Mr. Wong has provided no foundation for his opinion that the Facility Agreement criteria "are consistent with commercially reasonable practices and ensure that adequately qualified board members are selected and appointed." Mr. Wong fails to provide the referenced Facility Agreement in support of his assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). |

1  **RESPONSE:**

2          The Best Evidence Rule does not apply because Mr. Wong is not

3  seeking to prove the content of the Facility Agreement or its criteria, but is rather

4  speaking to his knowledge regarding whether those criteria are consistent with

5  commercially reasonable practices and ensure that adequately qualified board

6  members are selected and appointed.  *See U.S. v. Gonzales-Benitez*, 537 F.2d 1051,

7  1053 ("The [best evidence] rule does not set up an order of preferred admissibility,

8  which must be followed to prove any fact. It is, rather, a rule applicable only when

9  one seeks to prove the contents of documents or recordings.").  Mr. Wong is

10  speaking to his own understanding of what is a commercially reasonable practice,

11  and his statement is therefore not an Improper Opinion of a Lay Witness.  *See* Fed.

12  R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an

13  opinion is limited to one that is: (a) rationally based on the witness's perception; (b)

14  helpful to clearly understanding the witness's testimony or to determining a fact in

15  issue; and (c) not based on scientific, technical, or other specialized knowledge

16  within the scope of Rule 702.")  Finally, the average layman would understand the

17  term "commercially reasonably"  and it is thus not an improper legal opinion.  *See*

18  *United States v. Hearst*, 563 F.2d 1331, 1351 (9th Cir. 1977) (testimony is not

19  objectionable as  containing a legal conclusion where the "average layman would

20  understand those terms and ascribe to them essentially the same meaning intended").

21                            ____ Sustained ____ Overruled

22

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 41. | Wong Decl. ¶ 17, p. 8, l. 27 – p. 9, l. 2: "Bronzelink retains the power to appoint individual board members, so long as they meet the minimum criteria set forth in the Facility Agreement." | Best evidence (Fed. R. Evid. 1002). Mr. Wong fails to provide the referenced Facility Agreement in support of his assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless |

| | | these rules or a federal statute provides otherwise."). |
|---|---|---|

**RESPONSE:**

      The Best Evidence Rule does not apply because Mr. Wong is not attempting to prove the contents of the Facility Agreement.  Rather, Mr. Wong's testimony regarding his interpretation and application of the Facility Agreement is offered to refute Plaintiffs' assertions that a third party selects Board Members pursuant to the Facility Agreement's terms.

                ____ Sustained ____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 42. | Wong Decl. ¶ 17, p. 9, ll. 2-4: "I also do not understand the Facility Agreement to require Bronzelink or GIP to provide otherwise attorney-client privileged information or materials to Amore or Dong Yin." | Best evidence (Fed. R. Evid. 1002). Mr. Wong fails to provide the referenced Facility Agreement in support of his assertion. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). |

**RESPONSE:**

      The Best Evidence Rule does not apply because Mr. Wong is not seeking to prove the content of the Facility Agreement, but is rather speaking to his personal understanding of the Facility Agreement.  *See U.S. v. Gonzales-Benitez*, 537 F.2d 1051, 1053 ("The [best evidence] rule does not set up an order of preferred admissibility, which must be followed to prove any fact. It is, rather, a rule applicable only when one seeks to prove the contents of documents or recordings."). *See U.S. v. Gonzales-Benitez*, 537 F.2d 1051, 1053 ("The [best evidence] rule does not set up an order of preferred admissibility, which must be followed to prove any

1  fact. It is, rather, a rule applicable only when one seeks to prove the contents of

2  documents or recordings.").

3  _____ Sustained _____ Overruled

4

|  |  | **Material Objected To:** | **Grounds for Objection:** |
|---|---|---|---|
| 43. | | Wong Decl. ¶ 17, p. 9, ll. 4-5: "I am not aware of anyone at GIP or Bronzelink believing that the Facility Agreement requires such disclosures to Amore or Dong Yin." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding what anyone at GIP or Bronzelink believed regarding the requirements of the Facility Agreement. As a result, Mr. Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Mr. Wong's statement does not lack foundation because he is speaking
only to his knowledge.  Moreover, he has provided facts sufficient to establish the
basis for his personal knowledge regarding what anyone at GIP or Bronzelink
believed regarding the requirements of the facility agreement because he has been a
member of the GIP Board of Directors and the Bronzelink Board of Directors since
June 3, 2016, as established by paragraph 1 of his declaration.  Accordingly, Mr.
Wong's statement also does not constitute speculation.  *See* Fed. R. Evid. 602;
*Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he

1   requirement of personal knowledge imposes only a minimal burden on a witness; if

2   reasonable persons could differ as to whether the witness had an adequate

3   opportunity to observe, the witness's testimony is admissible.").

4                    ____ Sustained ____ Overruled

5

| | | Material Objected To: | Grounds for Objection: |
|---|---|---|---|
| 44. | | Wong Decl. ¶ 20, p. 10, ll. 17-22: "Later that same day, Mr. Youssefzadeh sent an email to SpaceX and an email to Boeing Satellite Systems International ("Boeing") purporting to reveal some of the contents of the Milbank Memo and the Chen Memo. Attached to the Compendium as Exhibits I – J are true and correct copies of these emails, which have been partly redacted to protect the privilege." | Lack of Foundation (Fed. R. Evid. 602). Mr. Wong is not copied on the referenced emails, nor does he state how he received copies of the emails; further, the referenced exhibits do not appear to be true and correct copies of the referenced emails. The true and correct copies have been submitted into evidence by Plaintiffs with the Motion. *See* Plaintiffs' Compendium of Exhibits, Exhs. 45-46. |

**RESPONSE:**

Plaintiffs fail to provide any basis for their belief that Exhibits I and J
are not true and correct copies of the emails sent from Emil Youssefzadeh to Boeing
and SpaceX.  Indeed, Exhibits I and J to GIP's Compendium of Exhibits in support
of its Opposition are the exact same documents as Exhibits 45 and 46 to Plaintiff's
Compendium of Exhibits, with the exception of variations in redactions.  Moreover,
Mr. Wong's testimony is relevant not for the purpose of authenticating the emails
(the authenticity is not disputed) but instead to show that Mr. Wong and GIP did not
have advanced notice of or authorize the sending of those emails or the making of
those disclosures.

                    ____ Sustained ____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 45. | Wong Decl. ¶ 20, p. 10, ll. 23-27: "I consider these emails to constitute unauthorized disclosures of GIP's privileged information. I also believe that Emil Youssefzadeh breached his fiduciary duty (as a Board Member) to GIP when he unilaterally made these disclosures without prior notice or approval from the Board." | Improper Legal Conclusion; Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the terms "unauthorized disclosures" and "breached his fiduciary duty." |

**RESPONSE:**

Whether Mr. Wong considered Mr. Youssefzadeh's emails as authorized by GIP is not an improper legal conclusion. Indeed, whether GIP permitted or approved of Mr. Youssefzadeh's conduct is a factual matter not based in law. *See, e.g.*, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (finding that testimony that defendants deviated from industry standards supported a finding that they acted in bad faith, and that such testimony did not reach a legal conclusion that defendants actually acted in bad faith).

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 46. | Wong Decl. ¶ 22, p. 11, ll. 10-18: "To the extent that there have been further communications between GIP and its business partners Boeing Satellite Systems International (GIP's satellite provider) and SpaceX (GIP's satellite launch provider) regarding export control compliance, those communications were made at a | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602, 701); Improper Legal Conclusion; Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the terms "shared interest" and "reasonably necessary." Mr. Wong has provided no foundation for his statements that "those communications were made at a time when the parties had and continue to have a shared interest in |

| | |
|---|---|
| time when the parties had and continue to have a shared interest in export control compliance (particularly in the context of the allegations being raised by the Individual Plaintiffs and the multiple lawsuits that they have filed), the communications were reasonably necessary to further that shared interest, and the communications were made on a confidential basis pursuant to the parties' nondisclosure agreements." | export control compliance (particularly in the context of the allegations being raised by the Individual Plaintiffs and the multiple lawsuits that they have filed)" and "the communications were reasonably necessary to further that shared interest, and the communications were made on a confidential basis pursuant to the parties' nondisclosure agreements." |

**RESPONSE:**

       Mr. Wong is describing the time period in which communications were sent to GIP's business partners, Boeing and SpaceX, on the basis on his personal knowledge as a member of GIP's board of directors.  Mr. Wong is not making any conclusion regarding the applicability of the nondisclosure agreements to these communications.  *See, e.g.*, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (finding that testimony that defendants deviated from industry standards supported a finding that they acted in bad faith, and that such testimony did not reach a legal conclusion that defendants actually acted in bad faith).

                         ____ Sustained ____ Overruled

| | **Material Objected To:** | **Grounds for Objection:** |
|---|---|---|
| 47. | Wong Decl. ¶ 23, p. 11, ll. 21-23: "I met with them that day, and understood that Dr. Altwein and Ms. Miao were business consultants retained by Bronzelink." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br>Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge |

| | | regarding whether Dr. Altwein and Ms. Miao were business consultants retained by Bronzelink. As a result, Mr. Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |

**RESPONSE:**

Mr. Wong has provided facts sufficient to establish the basis for his personal knowledge regarding whether Dr. Altwein and Ms. Miao were business consultants retained by Bronzelink because he states that he learned this information by meeting with them on November 16, 2017.  Accordingly, Mr. Wong's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 48. | Wong Decl. ¶ 23, p. 11, ll. 23-25: "I understood that [Dr. Altwein and Ms. Miao] were sent on behalf of Bronzelink to help Bronzelink gauge the economic prospects of GIP's plans to launch satellites and provide telecommunication services for Africa." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701). Mr. Wong fails to provide facts sufficient to establish the basis for his alleged personal knowledge regarding whether Dr. Altwein and Ms. Miao were sent by Bronzelink and/or the reason they were allegedly sent by Bronzelink. As a result, Mr. |

| | | Wong's statements amount to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). |
|---|---|---|

**RESPONSE:**

Mr. Wong has provided facts sufficient to establish the basis for his personal knowledge regarding who sent Dr. Altwein and Ms. Miao and/or the reason they were sent because he states in the same paragraph that he met with Dr. Altwein and Ms. Miao.  Accordingly, Mr. Wong's statement also does not constitute speculation.  *See* Fed. R. Evid. 602; *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) ("[T]he requirement of personal knowledge imposes only a minimal burden on a witness; if reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.").

_____ Sustained _____ Overruled

Dated:  May 8, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  _____/s/ Travis J. Anderson_____
CHARLES L. KREINDLER
JENNIFER G. REMOND
TRAVIS J. ANDERSON

Attorneys for Non Parties Global-IP Cayman and Global IP USA, Inc.

-49

1  <u>PROOF OF SERVICE</u>

2  <u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3        At the time of service, I was over 18 years of age and **not a party to this action**.  I
   am employed in the County of Los Angeles, State of California.  My business address is
4  333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

5        On May 8, 2018, I served true copies of the following document(s) described as
   **GLOBAL-IP CAYMAN AND GLOBAL IP USA, INC.'S RESPONSES TO**
6  **PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS FILED IN**
   **SUPPORT OF GLOBAL-IP CAYMAN AND GLOBAL IP USA, INC.'S**
7  **OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL DETERMINATION**
   *[FILED UNDER SEAL PER COURT ORDER OF APRIL 2, 2018]* on the interested
8  parties in this action as follows:

9  Jeffrey B. Isaacs, Esq.                    ATTORNEYS FOR PLAINTIFFS
   Jerome H. Friedberg, Esq.                  EMIL YOUSSEFZADEH and UMAR
10 Paige Shen, Esq.                           JAVED
   Robert F. Gookin, Esq.
11 Isaacs Friedberg LLP
   555 South Flower Street Suite 4250
12 Los Angeles, CA 90071

13 Email:  jisaacs@ifcounsel.com
             jfriedberg@ifcounsel.com
14           pshen@ifcounsel.com
             rgookin@ifcounsel.com
15

16        **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the
   office of the addressee(s).
17
          I declare under penalty of perjury under the laws of the United States of America
18 that the foregoing is true and correct and that I am employed in the office of a member of
   the bar of this Court at whose direction the service was made.
19
          Executed on May 8, 2018, at Los Angeles, California.
20

21

22                                                _____
                                                  Cynthia I. Coblentz
23

24

25

26

27

28

                                        1