SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
JENNIFER G. REDMOND, Cal. Bar No. 144790
jredmond@sheppardmullin.com
TRAVIS J. ANDERSON, Cal. Bar No. 265540
tanderson@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Non-Parties Global-IP Cayman and Global IP USA, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., a Dutch company; STM GROUP, INC., a Delaware corporation; EMIL YOUSSEFZADEH, an individual; and UMAR JAVED, an individual,<br><br>            Plaintiffs,<br><br>     v.<br><br>DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, a Hong Kong unlimited company; CHINA ORIENT ASSET MANAGEMENT (INTERNATIONAL) HOLDING LIMITED, a Hong Kong limited company; and LUDWIG CHANG, an individual,,<br><br>            Defendants. | Case No. 2:18-cv-01269-JLS-JCG<br><br>**GLOBAL-IP CAYMAN AND GLOBAL IP USA, INC.'S EVIDENTIARY OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF EMIL YOUSSEFZADEH SUBMITTED IN SUPPORT OF PLAINTIFF'S REPLY BRIEF FOR ITS MOTION FOR JUDICIAL DETERMINATION**<br><br>**[FILED UNDER SEAL PER COURT ORDER OF APRIL 2, 2018]**<br><br>HEARING<br>Judge:  Hon. Josephine L. Staton<br>Date:   May 11, 2018<br>Time:   2:30 p.m.<br>Place:  Courtroom 10A |

Global-IP Cayman and Global IP USA, Inc. ("GIP") hereby object to the Supplemental Declaration of Emil Youssefzadeh ("Emil Decl.") because it improperly seeks to introduce new evidence in support of Plaintiffs' Reply brief. "To the extent that [a reply] presents new information, it is improper." *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir.1993); *see also Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) (a reply brief may introduce new evidence only if the opposition brief raised new issues and, even then, the new evidence must address only those issues that were reasonably unforeseen at the time the moving party filed the opening brief). The Supplemental Declaration of Emil Youssefzadeh presents new information regarding issues that reasonably could have been foreseen when the moving papers were filed. For example, Plaintiffs argued in their Motion for Judicial Determination that any communications between GIP and Bronzelink waived the privilege without providing any factual support. Plaintiffs now seek to improperly backfill the evidence on this point through Section A of the Declaration of Emil Youssefzadeh. This evidence should be disregarded. This objection is referenced below as "Improper New Evidence."

GIP further make the following evidentiary objections to the Declaration of Emil Youssefzadeh offered in support of Plaintiffs' Reply brief for its Motion for Judicial Determination:

|    | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: |
|----|----|----|
| 1. | Emil Decl. ¶ 2, in its entirety | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 2. | Emil Decl. ¶ 3, in its entirety | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 3. | Emil Decl. ¶ 4, in its entirety | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |

| | | |
|---|---|---|
| 5. | Emil Decl. ¶ 5, in its entirety | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 6. | Emil Decl. ¶ 6, in its entirety and Exhibit 92 | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 7. | Emil Decl. ¶ 7, in its entirety and Exhibit 93 | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 8. | Emil Decl. ¶ 8, in its entirety and Exhibit 94 | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 9. | Emil Decl. ¶ 9, in its entirety | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 10. | Emil Decl. ¶ 10, in its entirety and Exhibit 96 | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 11. | Emil Decl. ¶ 11, in its entirety | Improper New Evidence; Improper Legal Conclusion; More Prejudicial Than Probative (Fed. R. Evid. 403) |
| 12. | Emil Decl. ¶ 12:<br><br>"As stated in my prior declaration, Umar Javed and I submitted our resignations on June 26, 2017, but remained executives with GIP-Cayman and GIP-USA until mid-August 2017.  Our resignations did not become effective immediately because our employment agreements had 60-day notice provisions and the GIP-Cayman and GIP-USA Boards of Directors did not formally relieve us of our duties and authority at that time." | Improper Legal Conclusion, Lacks Foundation (Fed. R. Evid. 602) |
| 13. | Emil Decl. ¶ 13:<br><br>". . . Bahram Pourmand was stripped of his authority to act as the CEO." | Improper New Evidence; Lacks Foundation (Fed. R. Evid. 602) |
| 14. | Emil Decl. ¶ 15, in its entirety and Exhibit 82 | Improper New Evidence |
| 15. | Emil Decl. ¶ 16, in its entirety | Improper Legal Conclusion |

| | | |
|---|---|---|
| 16. | Emil Decl. ¶ 19, in its entirety and Exhibit 98 | Improper New Evidence |
| 17. | Emil Decl. ¶ 20, in its entirety | Improper Legal Conclusion |
| 18. | Emil Decl. ¶ 22, in its entirety | Improper New Evidence; Lacks Foundation (Fed. R. Evid. 602); Improper Opinion of a Lay Witness |
| 19. | Emil Decl. ¶ 23, in its entirety | Improper New Evidence; Lacks Foundation (Fed. R. Evid. 602); Improper Opinion of a Lay Witness |
| 20. | Emil Decl. ¶ 24:<br><br>". . . [B]oth consultants confirmed that they had read the Milbank Memo and the Chen Memo and told us that Dong Yin would reward us if we were willing to back down and drop the compliance issues." | Improper New Evidence; Inadmissible Hearsay (Fed. R. Evid. 801); Lacks Foundation (Fed. R. Evid. 602) |
| 21. | Emil Decl. ¶ 25:<br><br>"GIP-Cayman's export control laws compliance issues persist to this day." | Improper New Evidence; Lacks Foundation (Fed. R. Evid. 602); Improper Opinion of Lay Witness |

Dated: May 8, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ Travis J. Anderson*
CHARLES L. KREINDLER
JENNIFER G. REMOND
TRAVIS J. ANDERSON

Attorneys for Non Parties Global-IP Cayman and Global IP USA, Inc.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On May 8, 2018, I served true copies of the following document(s) described as **GLOBAL-IP CAYMAN AND GLOBAL IP USA, INC.'S EVIDENTIARY OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF EMIL YOUSSEFZADEH SUBMITTED IN SUPPORT OF PLAINTIFF'S REPLY BRIEF FOR ITS MOTION FOR JUDICIAL DETERMINATION *[FILED UNDER SEAL PER COURT ORDER OF APRIL 2, 2018]*** on the interested parties in this action as follows:

| | |
|---|---|
| Jeffrey B. Isaacs, Esq.<br>Jerome H. Friedberg, Esq.<br>Paige Shen, Esq.<br>Robert F. Gookin, Esq.<br>Isaacs Friedberg LLP<br>555 South Flower Street Suite 4250<br>Los Angeles, CA 90071 | ATTORNEYS FOR PLAINTIFFS<br>EMIL YOUSSEFZADEH and UMAR JAVED |

Email: jisaacs@ifcounsel.com
 jfriedberg@ifcounsel.com
 pshen@ifcounsel.com
 rgookin@ifcounsel.com

**BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 8, 2018, at Los Angeles, California.

_____
Cynthia I. Coblentz

1