Jeffrey B. Isaacs, Esq., SBN 117104
Jerome H. Friedberg, Esq., SBN 125663
Paige Shen, Esq., SBN 162122
Robert Gookin, Esq., SBN 251601
**ISAACS | FRIEDBERG LLP**
555 S. Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5534
Facsimile:  (213) 955-5794
Email:     jisaacs@ifcounsel.com
           jfriedberg@ifcounsel.com
           pshen@ifcounsel.com
           rgookin@ifcounsel.com

*Attorneys for Plaintiffs STM Atlantic N.V.,*
*STM Group, Inc., Emil Youssefzadeh and Umar Javed*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., et al., | Case No. 2:18-cv-01269-JLS-JCG |
| Plaintiffs, | Assigned to Hon. Josephine L. Staton |
| vs. | **PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT MILBANK, TWEED, HADLEY & McCLOY LLP'S MOTION TO DISMISS SECOND AMENDED COMPLAINT BASED ON RECENT DEVELOPMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, et al., | |
| Defendants. | |
| | **[Filed concurrently with Declarations of Umar Javed and Jerome H. Friedberg; and [Proposed] Order]** |
| | HEARING |
| | Date:       Jan. 18, 2019 |
| | Time:       10:30 a.m. |
| | Place:      Courtroom 10A |
| | Complaint Filed:   Feb. 15, 2018 |
| | FAC Filed:         Feb. 25, 2018 |
| | SAC Filed:         Aug. 14, 2018 |
| | Trial Date:        None Set |

## *EX PARTE* APPLICATION

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs hereby request leave to submit the accompanying [Proposed] Sur-Reply and supporting declarations in further opposition to Defendant Milbank Tweed, Hadley & McCloy LLP's ("Milbank") Motion to Dismiss the Second Amended Complaint (the "Milbank Motion").[1]

Plaintiffs make this request to bring to the Court's attention certain recent events relevant to this litigation, which occurred *after* Plaintiffs filed their Opposition to the Milbank Motion, that bear directly on the continued validity of certain factual assertions in the Milbank Motion.

This Application is made after providing notice to counsel for Milbank, as required by Local Rule 7-19.1, on January 2, 2019. Declaration of Jerome H. Friedberg ("Friedberg Decl."), ¶¶ 6-7, Exh. F. Milbank has advised that it opposes the application.

Milbank's counsel in this lawsuit is:

> Mark C. Scarsi
> mscarsi@milbank.com
> Milbank, Tweed, Hadley & McCloy LLP
> 2029 Century Park East, 33rd Floor
> Los Angeles, CA 90067
> Telephone: (424) 386-4000
> Facsimile: (213) 629-5063

> Thomas A. Arena (*pro hac vice*)
> tarena@milbank.com
> Milbank, Tweed, Hadley & McCloy LLP
> 28 Liberty Street
> New York, NY 10005
> Telephone: (212) 530-5000
> Facsimile: (212) 822-5828

//

---

[1] This application and the supporting points and authorities use the same acronyms, shortened names and collective labels as in Plaintiffs' Opposition to the Milbank Motion.

1    Defendant Dong Yin Development (Holdings) Limited's counsel in this
2    lawsuit is:

3         John C. Hueston
          jhueston@hueston.com
4         Alison Plessman
          aplessman@hueston.com
5         Adam Olin
          aolin@hueston.com
6         HUESTON HENNIGAN LLP
          523 West 6th Street, Suite 400
7         Los Angeles, CA 90014
          Telephone: (213) 788-4340
8         Facsimile: (888) 775-0898

9    Defendant China Orient Asset Management (International) Holding
10   Limited's counsel in this lawsuit is:

11        Brian A. Sun
          basun@jonesday.com
12        Rasha Gerges Shields
          rgergesshields@jonesday.com
13        Christopher K. Pelham
          cpelham@jonesday.com
14        JONES DAY
          555 South Flower Street, Fiftieth Floor
15        Los Angeles, CA 90071-2300
          Telephone: (213) 489-3939
16        Facsimile: (213) 243-2539

17   Defendant Ludwig Chang's counsel in this lawsuit is:

18        Jennifer L. Williams (SBN 268782)
          Anya J. Goldstein (SBN 288780)
19        SUMMA LLP
          800 Wilshire Blvd., Suite 1050
20        Los Angeles, CA 90017
          jenn@summaLLP.com
21        anya@summaLLP.com
          Telephone: (213) 260-9456/9451
22        Facsimile: (213) 835-0939

23   //

24   //

25   //

26   //

27   //

28   //

3

1    Defendants Shiyue Liu's and Yuen-Cheung Wong's counsel in this lawsuit
2  is:

3         Charles L. Kreindler
          ckreindler@sheppardmullin.com
4         Travis J. Anderson
          tanderson@sheppardmullin.com
5         Anthony N. Moshirnia
          amoshirnia@sheppardmullin.com
6         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
          333 South Hope Street, 43rd Floor
7         Los Angeles, California 90071-1422
          Telephone: (213) 620-1780
8         Facsimile: (213) 620-1398

9

10        This Application is made pursuant to Local Rule 7-10, which requires "prior
11  written order of the Court" to file a response to a reply.
12        This Application is based upon this Application; the accompanying
13  Memorandum of Points and Authorities, [Proposed] Sur-Reply and Declarations of
14  Umar Javed and Jerome H. Friedberg; and such further argument, evidence and
15  authorities as may be presented in support of this Application.

16

17  DATED:  January 4, 2019              **ISAACS | FRIEDBERG LLP**

18

19                                        */s/ Jerome H. Friedberg*
20                                       Jeffrey B. Isaacs, Esq.
                                         Jerome H. Friedberg, Esq.
21                                       Robert Gookin, Esq.

22                                       *Attorneys for Plaintiffs STM Atlantic N.V.,*
                                         *STM Group, Inc., Emil Youssefzadeh and*
23                                       *Umar Javed*

24

25

26

27

28

                                        4
                 **PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT
                 MILBANK, TWEED, HADLEY & McCLOY LLP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**
                 278142.5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiffs request leave to file the accompanying [Proposed] Sur-Reply, filed concurrently herewith as **Exhibit A,** and supporting declarations to bring to the Court's attention recent events that directly contradict certain factual assertions made by Milbank in its Motion to Dismiss the Second Amended Complaint (the "Milbank Motion"), and its Reply in support of that motion (the "Reply"). These events occurred *after* Plaintiffs filed their Opposition to the Milbank Motion; accordingly, they could not have been raised in Plaintiffs' Opposition. Plaintiffs' [Proposed] Sur-Reply is limited to these recent developments.

## II.    DISCUSSION.

Courts have "the inherent authority to grant leave to a party to file a sur-reply when the information would be germane to the court's evaluation of a pending matter[.]" *Oracle USA, Inc. v. Rimini Street, Inc*., 2016 WL 6208254 at *2 (D. Nev., Oct. 24, 2016), citing *Cedars-Sinai Medical Center v. Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999); *see also Schmidt v. Shah*, 696 F.Supp.2d 44, 59-60 (D.C.D.C. Mar, 17, 2010) (decision to grant leave to file sur-reply is committed to court's discretion).

Leave to file a sur-reply should be granted where, as here, "a valid reason for additional briefing exists, such as when the reply brief raises 'new' arguments that require some additional response, or the sur-reply appears to clarify 'many' of the movant's positions." *Great American Ins. Co. v. Berl*, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23, 2017); *see also Equal Employment Opportunity Commission v. Evans Fruit Co*., 2011 WL 13115962 at *1 (E.D. Wash. Mar. 24, 2011) (granting leave to file a sur-reply "because it is apparent there were new developments between the parties following the filing of [plaintiff's] response to the motion").

As set forth in the attached [Proposed] Sur-Reply, there have been recent developments in this matter that directly refute Milbank's contentions that

Plaintiffs' claims are not ripe, that Plaintiffs lack standing and that Plaintiffs' alleged damages are speculative and contingent.  *See* Dkt. 92, pp. 20, 22; Dkt. 119, pp. 6-7, 10, 15.  The Court should therefore exercise its discretion to grant Plaintiffs leave to file the attached Sur-Reply to ensure that it has a complete and fulsome factual record in ruling on the Milbank Motion.

### III.    CONCLUSION.

For all of the foregoing reasons, this *ex parte* application for leave to file the accompanying [Proposed] Sur-Reply should be granted.


DATED:  January 4, 2019                    **ISAACS | FRIEDBERG LLP**


                                  */s/ Jerome H. Friedberg*
                                  Jeffrey B. Isaacs, Esq.
                                  Jerome H. Friedberg, Esq.
                                  Robert Gookin, Esq.

                                  *Attorneys for Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed*

# Exhibit A

Jeffrey B. Isaacs, Esq., SBN 117104
Jerome H. Friedberg, Esq., SBN 125663
Paige Shen, Esq., SBN 162122
Robert Gookin, Esq., SBN 251601
**ISAACS | FRIEDBERG LLP**
555 S. Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5534
Facsimile:  (213) 955-5794
Email:  jisaacs@ifcounsel.com
         jfriedberg@ifcounsel.com
         pshen@ifcounsel.com
         rgookin@ifcounsel.com

*Attorneys for Plaintiffs STM Atlantic N.V.,*
*STM Group, Inc., Emil Youssefzadeh and Umar Javed*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., a Dutch company; STM GROUP, INC., a Delaware corporation; EMIL YOUSSEFZADEH, an individual; and UMAR JAVED, an individual, | Case No. 2:18-cv-01269-JLS-JCG |
| | Assigned to Hon. Josephine L. Staton |
| Plaintiffs, | **PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT MILBANK, TWEED, HADLEY & McCLOY LLP'S MOTION TO DISMISS SECOND AMENDED COMPLAINT BASED ON RECENT DEVELOPMENTS** |
| vs. | |
| DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, a Hong Kong unlimited company; CHINA ORIENT ASSET MANAGEMENT (INTERNATIONAL) HOLDING LIMITED, a Hong Kong limited company; and LUDWIG CHANG, an individual, | **[Filed concurrently with Declarations of Umar Javed and Jerome H. Friedberg and [Proposed] Order]** |
| Defendants. | HEARING<br>Date:      Jan 18, 2019<br>Time:      10:30 a.m.<br>Place:     Courtroom 10A |
| | Complaint Filed:  Feb. 15, 2018<br>FAC Filed:        Feb. 25, 2018<br>SAC Filed:        Aug. 14, 2018<br>Trial Date:       None Set |

- 1 -

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT MILBANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278182.9

1

**SUR-REPLY**

2     Plaintiffs submit this Sur-Reply in further opposition to Milbank's Motion to

3  Dismiss the Second Amended Complaint (the "Milbank Motion"), and in particular to

4  further address its argument that Plaintiffs lack standing and that their claims are not

5  ripe.[1]  This Sur-Reply is limited to events that occurred after Plaintiffs filed their

6  Opposition to the Milbank Motion and Milbank filed its Reply in support of its Motion

7  (the "Reply").  As discussed below, these events directly contradict certain

8  unsupported factual assertions upon which the Milbank Motion and the Reply are

9  based.[2]

10                          **I.     INTRODUCTION.**

11     In the Milbank Motion and Reply, Milbank contended that Plaintiffs' claims are

12  not ripe and Plaintiffs lack standing because their alleged damages are too speculative

13  and contingent.  *See* Dkt. 92, pp. 20, 22; Dkt. 119, pp. 6-7, 10, 15.  In support of these

14  arguments, Milbank made factual assertions not appearing on the face of the SAC or

15  supported by any declarations or documents, and which therefore should be ignored.

16  *See* Dkt. 112, pp. 15-16.  To the extent that the Court may nonetheless consider these

17  assertions, Plaintiffs are submitting evidence involving recent events which directly

18  refutes Milbank's (unsupported) assertions.

19     In particular, Milbank contended that: (1) there has been no finding of a

20  violation of the U.S. export control laws; (2) GIP-Cayman is still operating; (3) Boeing

21  is still building a satellite for GIP-Cayman; and (4) SpaceX is still on board to launch

22  that satellite.  Dkt. 92, p. 13; Dkt. 119, p. 15.[3]  These unsupported factual assertions

23

24  _____

[1]  This Sur-Reply is being submitted in further opposition to the Milbank Motion and to
25  the other defendants' motions to dismiss to the extent that they seek to join in or
incorporate Milbank's arguments.

26  [2]  This Sur-Reply uses the same acronyms, shortened names and collective labels as in
27  Plaintiffs' Opposition to the Milbank Motion.

28  [3]  In a meet and confer conference call on January 2, 2019, Milbank's counsel indicated
that Milbank is withdrawing the claim that Boeing has not cancelled the satellite

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT
MILBANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278182.9

1   have been disproven or substantially undermined by recent events.  More specifically,

2   because of the illegal conduct alleged in the SAC, the Commerce Department's Bureau

3   of Industry and Security ("BIS") has revoked Boeing's Export License for the Satellite;

4   Boeing has cancelled its contract with GIP-Cayman to construct the satellite; a

5   United States Senator has expressly demanded that the Committee on Foreign

6   Investment in the United States ("CFIUS") undertake an investigation into the

7   transaction by which Bronzelink acquired its ownership interest in GIP-Cayman

8   (the "Bronzelink transaction"); Boeing has come under investigation by the

9   U.S. Securities and Exchange Commission ("SEC"); and GIP-Cayman is facing

10  regulatory scrutiny from the Commerce and Treasury Departments.  As a result of

11  these and other recent events, Milbank's unsupported assertions upon which its Motion

12  is based have been proven altogether wrong.

13                               **II.    ARGUMENT.**

14  **A.    Milbank's Claim That Plaintiffs Have Not Suffered Damages.**

15          On September 21, 2018, Milbank filed the Milbank Motion, arguing that:

16          Plaintiffs' basic story—that a group of defendants conspired to induce
17          Plaintiffs to sell a majority stake in non-party Global IP-Cayman
            ("GIP-Cayman") to a company controlled by PRC nationals in violation
18          of the US export control laws—suffers from a fatal flaw.  To date, there
            has been no finding of any violation.  GIP-Cayman is still operating.
19          Boeing is still building a satellite for GIP-Cayman, and SpaceX is still on
20          board to launch the satellite.  And Plaintiffs still have a right to share in
            the profits of GIP-Cayman.
21

22  Dkt. 92, p. 1.  Milbank further argued that the SAC must be dismissed because

23  Plaintiffs have suffered no immediate or certain harm:

24          Plaintiffs have not lost any benefits of GIP-Cayman's contracts with
            Boeing and SpaceX.  The SAC does not allege that Boeing has
25          terminated its contract to build the satellite or that SpaceX has cancelled
26          its agreement to launch the satellite.  Nor do Plaintiffs allege that Boeing

27  ────────────────────────────────────────────────────────────

28  contract.  Declaration of Jerome H. Friedberg, filed concurrently herewith ("Friedberg
    Decl.), ¶ 8.

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT
MILBANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278182.9

1
2
3
4
5

> and SpaceX identified any compliance issues when alerted (by Plaintiffs) about possible US export control violations.  Any loss of benefits under the Boeing and SpaceX contracts therefore would depend on a contingent event in which Boeing or SpaceX cancels its contract with GIP-Cayman or refuses to perform thereunder.  The SAC does not allege any facts supporting an inference that any such event is immediate and certain.

6   *Id.*, p. 20.

7        Milbank also asserted that "Plaintiffs' alleged loss of GIP-Cayman's future

8   profits is unquestionably speculative and contingent.  Plaintiffs do not allege that any

9   conduct by Defendants has impeded the Satellite Project; Boeing and SpaceX continue

10  to perform under their respective contracts, and Bronzelink's equity infusion has

11  provided GIP-Cayman with the necessary capital to pursue its business plan."  *Id.*,

12  p. 22.

13       Similarly, in its Reply, filed on November 21, 2018, Milbank argued that

14  the SAC must be dismissed because Plaintiffs have not alleged that

15  GIP-Cayman has suffered any harm:

16
17
18
19

> Plaintiffs' standing and damages arguments suffer from yet another fundamental defect.  Even if Plaintiffs theoretically had standing to assert a claim for an injury directly suffered by GIP-Cayman, they allege no actual harm to GIP-Cayman.  In its Motion, Milbank pointed out that no government agency has found a violation of a U.S. export control law and that Boeing and SpaceX continue to perform under their respective contracts to build and launch the satellite.

20  Dkt. 119, p. 10.

21       Milbank's ripeness and standing claims are fully addressed in Plaintiffs'

22  Opposition.  Dkt. 112, pp. 13-17.  Moreover, the factual assertions quoted above were

23  not supported by any evidence, and thus should be ignored for that reason alone.  If the

24  Court is nevertheless inclined to consider these arguments, it should reject them

25  because, as set forth below, Milbank's unsupported factual assertions have been

26  completely refuted by recent events.

27  **B.      Recent Events Leading to the Death of the Satellite Project.**

28       On November 16, 2018, Bahram Pourmand, the Chief Executive Officer of

- 4 -

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT MILBANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278182.9

1  GIP-Cayman, sent a letter to the Bronzelink and GIP-Cayman directors stating that

2  Bronzelink owed $7 million to GIP-Cayman, and that "[b]eyond this US$7m, GIP

3  requires US$150m before 26 November 2018 and an additional [US]$50m by the end

4  of December 2018, in order to meet its payment obligations with its vendors."

5  Declaration of Umar Javed, filed concurrently herewith ("Javed Decl."), ¶ 3, Exh. A.

6  Pourmand went on to state that unless additional funding was secured "in the

7  immediate future," GIP would be forced to "proceed to file for bankruptcy" and wind

8  up operations.  He concluded by urgently requesting a meeting of the GIP-Cayman

9  Board of Directors to address the company's financial crises.  *Id.*

10         Shortly thereafter, on December 4, 2018, the *Wall Street Journal* published an

11  in-depth article about the PRC's involvement in the Bronzelink transaction through

12  Dong Yin, and the potential violations of U.S. export control laws.  Friedberg Decl., ¶

13  2, Exh. D.

14         The next day, on December 5, 2018, BIS revoked the Export License it had

15  previously issued authorizing Boeing to export restricted satellite technology to

16  GIP-Cayman.  Javed Decl., ¶ 4.  That same day, Boeing cancelled the contract by

17  which it had agreed to build and deliver the satellite to GIP-Cayman, effectively killing

18  the Satellite Project.  *Id.*, Friedberg Decl., ¶ 3, Exh. E.  The Commerce Department has

19  now questioned GIP-Cayman about the Bronzelink transaction.  Javed Decl., ¶ 7.

20         On December 12, 2018, New Jersey Senator Bob Menendez, the senior member

21  of the Senate Committee on Banking, Housing and Urban Affairs, issued a press

22  release attaching a December 11, 2018 letter that he had sent to Treasury Secretary

23  Steve Mnuchin and Commerce Secretary Wilbur Ross regarding the Bronzelink

24  transaction.  Friedberg Decl., ¶ 4, Exh. F.[4]  In that letter, Senator Menendez provided

25  an overview of the compliance issues discussed in the *Wall Street Journal* articles.  He

26

27

28

---

[4] The Commerce Department and the Treasury Department are both members of
CFIUS.  CFIUS is an interagency committee that is authorized to review transactions
involving foreign investment in the United States to determine the effect of such
transactions on national security.

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT
MILBANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278182.9

1  then requested Secretaries Munchin and Ross to provide written answers to a series of

2  questions regarding the Bronzelink transaction in the context of a potential CFIUS

3  investigation.  He also asked both Secretaries to commit to briefing his staff "within

4  30 days on the status of any pending CFIUS review of this transaction."  *Id*.

5  Subsequently, GIP-Cayman has faced questioning by the Treasury Department, which

6  is conducting a CFIUS review of the Bronzelink transaction.  Javed Decl., ¶ 7.

7        On December 18, 2018, GIP-USA received a litigation hold letter from the SEC,

8  placing a hold on the company's documents that relate or refer to Dong Yin, COAMI,

9  Chang, Bronzelink and others.  Javed Decl., ¶ 8, Exh. B.

10        During December 2018 – most recently on December 31 – meetings of the

11  GIP-Cayman Board of Directors have been noticed for the purpose of discussing what

12  actions the company should take in light of the above developments.  None of the

13  board meetings, however, was ever convened because, on each occasion, there were

14  not enough Bronzelink-appointed (Series A) board members in attendance to constitute

15  a quorum.  Javed Decl., ¶¶ 5, 6, 9.  Moreover, Defendant Tony Wong and Henry Fan

16  have now resigned from the GIP-Cayman Board in the wake of these recent

17  developments, while Defendant Shiwen Fan's whereabouts are unknown.  *Id.*, ¶ 10,

18  Exh. C.  Further, a fourth Bronzelink-appointed director, Hai Ming Zhang, has failed to

19  attend any of the three board meetings noticed in December 2018.  *Id.*, ¶ 10.[5]

20        Accordingly, if there was any doubt before, there can be none now.  These

21  recent developments directly contradict Milbank's claims that Plaintiffs have not

22  suffered a legally cognizable injury because the Satellite Project is proceeding as

23  planned.  To the contrary, Defendants' illegal scheme has now gained national

24  notoriety, triggered multiple government investigations and caused the Satellite Project

25  to fail, leaving GIP-Cayman insolvent, in disarray and on the verge of bankruptcy.

26  //

27  

28  
[5] The three Common Directors have been present at all of these meetings. Javed Decl., ¶ 11.

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT MILBANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278182.9

### III.   CONCLUSION.

For all the foregoing reasons, and as set forth in Plaintiffs' Opposition to the Milbank Motion, the Milbank Motion should be denied.

Dated:   January 4, 2019                           Respectfully submitted,

                                                   **ISAACS | FRIEDBERG LLP**


                                                   By:   _/s/ Jerome H. Friedberg_
                                                         JEFFREY B. ISAACS, ESQ.
                                                         JEROME H. FRIEDBERG, ESQ.
                                                         ROBERT GOOKIN, ESQ.

                                                   *Attorneys for Plaintiffs STM Atlantic N.V.,*
                                                   *STM Group, Inc., Emil Youssefzadeh and*
                                                   *Umar Javed*

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT MILBANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278182.9