Jeffrey B. Isaacs, Esq., SBN 117104
Jerome H. Friedberg, Esq., SBN 125663
Paige Shen, Esq., SBN 162122
Robert F. Gookin, Esq., SBN 251601
**ISAACS | FRIEDBERG LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5550/Facsimile: (213) 955-5794
Email: jisaacs@ifcounsel.com
          jfriedberg@ifcounsel.com
          pshen@ifcounsel.com
          rgookin@ifcounsel.com

*Attorneys for Plaintiffs STM Atlantic N.V.,
STM Group, Inc., Emil Youssefzadeh and Umar Javed*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, et al., <br><br> Defendants. | Case No. 2:18-cv-01269-JLS-JCG <br><br> Assigned to Hon. Josephine L. Staton <br><br> **PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF DOUGLAS MARTIN FILED WITH REPLY IN SUPPORT OF DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OR, ALTERNATIVELY, STAY PROCEEDINGS** <br><br> HEARING <br> Judge:   Hon. Josephine L. Staton <br> Date:    January 18, 2019 <br> Time:    10:30 a.m. <br> Place:   Courtroom 10A <br><br> Complaint Filed:   Feb. 15, 2018 <br> FAC Filed:          Feb. 25, 2018 <br> SAC Filed:          Aug. 14, 2018 <br> Trial Date:          None Set |

## PLAINTIFFS' EVIDENTIARY OBJECTIONS

Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed (collectively, "Plaintiffs") object to the Declaration of Douglas Martin, filed by Defendants Shiyue Liu and Yuen-Cheung Wong on November 21, 2018 (Dkt. 120-1) with their Reply in support of their Motion to Dismiss the Second Amended Complaint or, Alternatively, to Stay Proceedings (Dkt. 120), on the following grounds:

| Material Objected To: | Grounds for Objection: | Ruling |
|---|---|---|
| The Declaration should be stricken in its entirety. | The moving party – here Defendants Liu and Wong – may not rely on new evidence in their reply. *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1026-28 (C.D. Cal. 2018) (district court struck new expert study submitted with movant's reply papers); *Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.6 & n.7 (C.D. Cal. 2018) (refusing to consider new declaration submitted as part of reply); *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017) ("The Court sustains Defendant's objection to this [new] evidence and will not consider it."); *Pena v. Taylor Farms Pacific, Inc.*, 305 F.R.D. 197, 206 (E.D. Cal. 2015) ("The court disregards these additional declarations."). | ___ Sustained<br><br>___ Overruled |
| Decl. ¶ 2, p. 2, ll. 6-9, Exh. A:<br><br>"On November 6, 2018, Bronzelink Holdings Ltd. ('Bronzelink') commenced an arbitration in the Hong Kong International Arbitration Centre. A true and correct copy of the Notice of Arbitration and | Lack of Foundation (Fed. R. Evid. 403, 405, 601 & 602).<br><br>The transmittal letter is hearsay. (Fed. R. Evid. 801 & 802). | ___ Sustained<br><br>___ Overruled |

| Material Objected To: | Grounds for Objection: | Ruling |
|---|---|---|
| the letter confirming its filing is attached as Exhibit A." | | |
| Decl. ¶ 2, p. 2, ll. 11-13:<br><br>"Global-IP Cayman was named as a nominal respondent 'because the Company's interests will be affected by [the arbitration proceedings], and it is a necessary party.'" | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 & 701).<br><br>Speculation and Hearsay (Fed. R. Evid. 602, 701, 801 & 802).<br><br>Best Evidence (Fed. R. Evid. 1002).<br><br>Improper Legal Conclusion and Improper Opinion of Lay Witness with respect to the term "necessary party" (Fed. R. Evid. 701).<br><br>Mr. Martin holds no position and has no formal role in Bronzelink, which was responsible for naming GIP-Cayman as a nominal respondent. Accordingly, his assertion is both speculative and hearsay. Moreover, he does not support his assertion other than by a citation to Bronzelink's Notice of Arbitration, which is not competent evidence of the reason why Global-IP Cayman was named a nominal respondent. *See Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (declaration based on speculation is irrelevant and should not be considered). | ___ Sustained<br><br>___ Overruled |
| Decl. ¶ 3, p. 2, ll. 17-21:<br><br>"[T]he issues raised in the instant litigation are essentially the same as the issues raised in the Notice of Arbitration in that plaintiffs (who are all respondents in the arbitration) falsely allege that a conspiracy existed | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 & 701).<br><br>Best Evidence (Fed. R. Evid. 1002).<br><br>Misstates the Evidence and Facts.<br><br>*First*, Plaintiffs do not make ***any*** allegations in the Notice of Arbitration, which was filed by Bronzelink, not Plaintiffs. *Second*, | ___ Sustained<br><br>___ Overruled |

2

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF DOUGLAS MARTIN**

272601.2

| Material Objected To: | Grounds for Objection: | Ruling |
|---|---|---|
| among a number of individuals (including Global-IP Cayman's lawyers, officers and directors) to violate U.S. export control laws." | the Notice of Arbitration seeks the forced sale of Plaintiffs' shares in GIP-Cayman for book value less 20%, which Plaintiffs have already offered to do.  *Third,* determination of the book value of the shares has nothing to do with alleged violations of U.S. export control laws or any other issues in this litigation.  *Fourth*, the assertion that Plaintiffs' allegations of a conspiracy to violate U.S. export control laws are false is pure argument and unsupported by anything appearing on the face of the Notice of Arbitration.  *See Slevin*, 120 F. Supp. 2d. at 835-36 (declaration based on speculation is irrelevant and should not be considered).  *Finally*, contrary to Mr. Martin's assertion, Plaintiffs STM Group, Inc. is not a respondent in the arbitration. | |
| Decl. ¶ 3, p. 2, ll. 21-23:<br><br>"Such a finding in this litigation would almost certainly negatively affect Global-IP Cayman's operations and business prospects." | Speculation and Argument (Fed. R. Evid. 602 & 701); *see Slevin*, 120 F. Supp. 2d. at 835-36 (declaration based on speculation is irrelevant and should not be considered).<br><br>Additionally, the potential injury alleged by Mr. Martin is irrelevant. *See Ward v. Apple Inc.*, 791 F.3d 1041 (9th Cir. 2015) (speculative claims of "potential" damage to reputational and contractual interests are not legally protected interests warranting a stay). | ___ Sustained<br><br>___ Overruled |
| Decl. ¶ 3, p. 2, ll. 23-27:<br><br>"[T]he arbitration seeks a finding, *inter alia*, that Respondents violated that Shareholders Agreement by making 'false and pretextual assertions that the Company was at risk of violation | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 & 701);<br><br>Best Evidence (Fed. R. Evid. 1002);<br><br>Misstates the Evidence and Facts.<br><br>The Notice of Arbitration seeks the forced sale of Plaintiffs' shares in | ___ Sustained<br><br>___ Overruled |

| Material Objected To: | Grounds for Objection: | Ruling |
|---|---|---|
| and/or violated U.S. export laws.' See, Exhibit A, para. 6. Thus, the primary issue to be determined in the arbitration is also the primary issue to be determined in this litigation." | GIP-Cayman for a book value less 20%, which Plaintiffs have already offered to do. Determination of the book value of the shares has nothing to do with alleged violations of U.S. export control laws or any other issues in this litigation. | |
| Decl. ¶ 3, p. 3, ll. 2-4:<br><br>"Global-IP Cayman is subject to potential derivative liability and direct indemnification obligations as a result of the instant litigation." | Improper Legal Conclusion and Improper Opinion of a Lay Witness (Fed. R. Evid. 701).<br><br>Speculation and Argument (Fed. R. Evid. 602 & 701). | ___ Sustained<br><br>___ Overruled |
| Decl. ¶ 4, p. 3, ll. 5-6:<br><br>"Global-IP Cayman requests that the Court stay the instant action pending completion of the arbitration proceedings." | This request is not evidence, GIP-Cayman is not a party to this litigation and no such request has been made by Bronzelink, the only claimant in the arbitration. Nor has GIP-Cayman filed or joined in a motion to stay this action. Accordingly, the request should be stricken. | ___ Sustained<br><br>___ Overruled |

Dated: January 4, 2019         ISAACS | FRIEDBERG LLP


By:   */s/ Jerome H. Friedberg*
       Jeffrey B. Isaacs, Esq.
       Jerome H. Friedberg, Esq.
       Robert Gookin, Esq.

*Attorneys for Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed*

4

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF DOUGLAS MARTIN**

272601.2