| | |
|---|---|
| 1 | Jeffrey B. Isaacs, Esq., SBN 117104 |
| | Jerome H. Friedberg, Esq., SBN 125663 |
| 2 | Paige Shen, Esq., SBN 162122 |
| | Robert Gookin, Esq., SBN 251601 |
| 3 | **ISAACS | FRIEDBERG LLP** |
| | 555 S. Flower Street, Suite 4250 |
| 4 | Los Angeles, California 90071 |
| | Telephone: (213) 929-5534 |
| 5 | Facsimile:  (213) 955-5794 |
| | Email:   *jisaacs@ifcounsel.com* |
| 6 |           *jfriedberg@ifcounsel.com* |
| |           *pshen@ifcounsel.com* |
| 7 |           *rgookin@ifcounsel.com* |

*Attorneys for Plaintiffs STM Atlantic N.V.,
STM Group, Inc., Emil Youssefzadeh and Umar Javed*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., et al., | Case No. 2:18-cv-01269-JLS-JCG |
| Plaintiffs, | Assigned to Hon. Josephine L. Staton |
| vs. | **PLAINTIFFS' *EX PARTE* APPLICATION TO SEAL DOCKET NO. 128-1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, et al., | |
| Defendants. | [Filed concurrently with Declaration of Jerome H. Friedberg; and [Proposed] Order] |
| | Complaint Filed: Feb. 15, 2018 |
| | FAC Filed:       Feb. 25, 2018 |
| | SAC Filed:       Aug. 14, 2018 |
| | Trial Date:      None Set |

---

**PLAINTIFFS' *EX PARTE* APPLICATION TO SEAL DOCKET NO. 128-1;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

278875.4

# *EX PARTE* APPLICATION

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed (collectively, "Plaintiffs") hereby request that this Court seal the Declaration of Umar Javed in Support of *Ex Parte* Application for Leave to File Sur-reply and [Proposed] Sur-reply in Opposition to Defendant Milbank, Tweed, Hadley & McCloy LLP's Motion to Dismiss Second Amended Complaint Based on Recent Developments (the "Declaration"), filed on January 4, 2019. Dkt. No. 128-1. Plaintiffs inadvertently included an arguably attorney-client privileged document as Exhibit B to the Declaration. The Court has provisionally sealed Docket No. 128-1 to allow Plaintiffs to file this application.[1]

This Application is based upon this *Ex Parte* Application; the accompanying Memorandum of Points and Authorities; the Declaration Jerome H. Friedberg and such further argument, evidence and authorities as may be presented in support of this Application.

Pursuant to Local Rule 7-19.1, on January 4, 2019, counsel for Plaintiffs provided *ex parte* notice to Defendants to advise them that they would be filing this *Ex Parte* Application and of its substance. Declaration of Jerome H. Friedberg ("Friedberg Decl."), ¶ 5, Exh. A. GIP-Cayman has indicated that it does not object to the requested relief. *Id.*, ¶ 5.

DATED: January 4, 2019         **ISAACS | FRIEDBERG LLP**

　　　　　　　　　　　　　　　　　 */s/ Jerome H. Friedberg*
　　　　　　　　　　　　　　　　Jeffrey B. Isaacs, Esq.
　　　　　　　　　　　　　　　　Jerome H. Friedberg, Esq.
　　　　　　　　　　　　　　　　Robert Gookin, Esq.
　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed*

---

[1] Plaintiffs are also filing a corrected declaration.

2

**PLAINTIFFS' *EX PARTE* APPLICATION TO SEAL DOCKET NO. 128-1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

278875.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

On January 4, 2019, Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed (collectively, "Plaintiffs") filed the Declaration of Umar Javed (the "Declaration") in support of their *Ex Parte* Application for Leave to File Sur-reply and [Proposed] Sur-reply in Opposition to Defendant Milbank, Tweed, Hadley & McCloy LLP's Motion to Dismiss. Dkt. No. 128-1. Plaintiffs inadvertently included an arguably attorney-client privileged document as an exhibit to the Declaration ("Exhibit B"). Declaration of Jerome H. Friedberg ("Friedberg Decl."), ¶ 3. After Plaintiffs' counsel promptly contacted the Clerk, the Court provisionally sealed Docket No. 128-1 to allow Plaintiffs' to file this application. *Id.*, ¶ 4.

## II. LEGAL STANDARD.

Despite the presumption in favor public access to court records, *see Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)), "access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Two standards govern sealing of court documents. Where judicial records are attached to a non-dispositive motion, "the usual presumption of the public right of access [to judicial records] is rebutted," and only "a particularized showing of good cause" is required to seal documents. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Otherwise, a party seeking to seal judicial records must show that "compelling reasons" outweigh "the public policies favoring disclosure." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2008). The release of confidential information may constitute "compelling reasons sufficient to outweigh the public's interest in disclosure and justifying sealing court records." *Kamakana*, 447 F.3d at 1179.

//

3

**PLAINTIFFS' *EX PARTE* APPLICATION TO SEAL DOCKET NO. 128-1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

278875.4

### III. DOCKET NO. 128-1 SHOULD BE SEALED.

Because Docket No. 128-1 was filed in support of a non-dispositive matter, i.e., an *ex-parte* application seeking leave to file a sur-reply, the "good cause" standard for sealing documents applies to it. *See In re Midland Nat'l Life Ins. Co.*, 686 F.3d at 1119 (document is non-dispositive if filed in support of motion that "would not have been a determination on the merits of any claim or defense") (internal quotation marks omitted); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (non-dispositive motions are "'unrelated, or only tangentially related, to the underlying cause of action'") (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984)). Regardless of whether the "good cause" or "compelling reasons" standard applies, however, sufficient grounds justify sealing Docket No. 128-1.

As detailed in the Friedberg Declaration, Exhibit B constitutes an arguably privileged communication between GIP and its counsel. Friedberg Decl., ¶ 3. Plaintiffs' filing of Exhibit B was inadvertent. *Id*. Preserving the confidentiality of communications between attorney and client is fundamental to our legal system. *See U.S. v. Christensen*, 828 F.3d 763, 802 (9th Cir. 2015) (purpose of attorney-client privilege is to "encourage full and frank communication between attorney and their clients and thereby promote broader public interest") (internal quotation marks omitted). Accordingly, the public has no legitimate interest in the substance of Exhibit B. Indeed, courts have routinely recognized that protecting attorney client-privileged information constitutes a "compelling reason" to seal documents. *See In re Hewlett-Packart Co. Shareholder Derivative Litig*., 716 Fed. Appx. 603, 609 (9th Cir. 2017) (district court was within discretion in sealing records under "compelling reasons" standard where records included material protected by the attorney-client privilege); *Scott v. Chappell*, 547 Fed. Appx. 815, 816-17 (9th Cir. 2013) (district court was within its discretion in sealing documents where information was subject to attorney-client privilege); *Ervine v. Warden*, 214 F.

4

**PLAINTIFFS'** *EX PARTE* **APPLICATION TO SEAL DOCKET NO. 128-1;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

278875.4

Supp. 3d 917, 921 (E.D. Cal. 2016) (protecting attorney-client privileged information was a compelling reason to seal exhibits).

Because allowing Docket No. 128-1 in the public record would result in the release of a potentially attorney-client privileged document, both good cause and compelling reasons exist to seal it.

## IV. CONCLUSION.

For all of the foregoing reasons, Plaintiffs' *ex parte* application to seal Docket No. 128-1 should be granted.

DATED: January 4, 2019

**ISAACS | FRIEDBERG LLP**

*/s/ Jerome H. Friedberg*
Jeffrey B. Isaacs, Esq.
Jerome H. Friedberg, Esq.
Robert Gookin, Esq.

*Attorneys for Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed*