Jeffrey B. Isaacs, Esq., SBN 117104
Jerome H. Friedberg, Esq., SBN 125663
Paige Shen, Esq., SBN 162122
Robert Gookin, Esq., SBN 251601
**ISAACS | FRIEDBERG LLP**
555 S. Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5534
Facsimile:  (213) 955-5794
Email:      jisaacs@ifcounsel.com
            jfriedberg@ifcounsel.com
            pshen@ifcounsel.com
            rgookin@ifcounsel.com

*Attorneys for Plaintiffs STM Atlantic N.V.,
STM Group, Inc., Emil Youssefzadeh and Umar Javed*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., et al., | Case No. 2:18-cv-01269-JLS-JCG |
| Plaintiffs, | Assigned to Hon. Josephine L. Staton |
| vs. | **PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT (HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S MOTION TO DISMISS OR STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, et al., | |
| Defendants. | |
| | **[Filed concurrently with Declaration of Jerome H. Friedberg and [Proposed] Order]** |
| | HEARING |
| | Date:       Jan. 18, 2019 |
| | Time:       10:30 a.m. |
| | Place:      Courtroom 10A |
| | Complaint Filed:   Feb. 15, 2018 |
| | FAC Filed:         Feb. 25, 2018 |
| | SAC Filed:         Aug. 14, 2018 |
| | Trial Date:        None Set |

1

# *EX PARTE* APPLICATION

## TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed (collectively, "Plaintiffs") hereby request leave to submit the accompanying [Proposed] Sur-Reply and supporting declaration in further opposition to Defendant Dong Yin Development (Holdings) Limited's ("Dong Yin") Motion to Stay Pending Arbitration (the "Motion to Stay") and Defendants Bonnie Liu's and Yuen-Cheung Wong's Motion to Dismiss Second Amended Complaint or, Alternatively, Stay Proceedings (the "Wong/Liu Motion").[1]  Plaintiffs make this request to address new evidence submitted by Defendants Bonnie Liu and Yuen-Cheung Wong with their Reply Brief, which was relied on by Dong Yin in its Reply Brief.

This Application is made after providing notice to counsel for Dong Yin, as required by Local Rule 7-19.1, on January 2, 2019.  Declaration of Jerome H. Friedberg ("Friedberg Decl."), ¶¶ 8-9, Exh. E.  Dong Yin and Wong and Liu have advised that they oppose this application.

Defendant Dong Yin Development (Holdings) Limited's counsel in this lawsuit is:

> John C. Hueston
> jhueston@hueston.com
> Alison Plessman
> aplessman@hueston.com
> Adam Olin
> aolin@hueston.com
> HUESTON HENNIGAN LLP
> 523 West 6th Street, Suite 400
> Los Angeles, CA 90014
> Telephone: (213) 788-4340
> Facsimile: (888) 775-0898

//

---

[1] This application and the supporting points and authorities use the same acronyms, shortened names and collective labels as in Plaintiffs' Opposition to the Motion to Stay.

Defendants Shiyue Liu's and Yuen-Cheung Wong's counsel in this lawsuit is:

> Charles L. Kreindler
> ckreindler@sheppardmullin.com
> Travis J. Anderson
> tanderson@sheppardmullin.com
> Anthony N. Moshirnia
> amoshirnia@sheppardmullin.com
> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
> 333 South Hope Street, 43rd Floor
> Los Angeles, California 90071-1422
> Telephone: (213) 620-1780
> Facsimile: (213) 620-1398

Defendant Milbank's counsel in this lawsuit is:

> Mark C. Scarsi
> mscarsi@milbank.com
> Milbank, Tweed, Hadley & McCloy LLP
> 2029 Century Park East, 33rd Floor
> Los Angeles, CA 90067
> Telephone: (424) 386-4000
> Facsimile: (213) 629-5063

> Thomas A. Arena (*pro hac vice*)
> tarena@milbank.com
> Milbank, Tweed, Hadley & McCloy LLP
> 28 Liberty Street
> New York, NY 10005
> Telephone: (212) 530-5000
> Facsimile: (212) 822-5828

Defendant China Orient Asset Management (International) Holding Limited's counsel in this lawsuit is:

> Brian A. Sun
> basun@jonesday.com
> Rasha Gerges Shields
> rgergesshields@jonesday.com
> Christopher K. Pelham
> cpelham@jonesday.com
> JONES DAY
> 555 South Flower Street, Fiftieth Floor
> Los Angeles, CA 90071-2300
> Telephone: (213) 489-3939
> Facsimile: (213) 243-2539

//

//

//

1   Defendant Ludwig Chang's counsel in this lawsuit is:

2       Jennifer L. Williams (SBN 268782)
3       Anya J. Goldstein (SBN 288780)
        SUMMA LLP
4       800 Wilshire Blvd., Suite 1050
        Los Angeles, CA 90017
5       jenn@summaLLP.com
        anya@summaLLP.com
6       Telephone: (213) 260-9456/9451
        Facsimile: (213) 835-0939

7   This Application is made pursuant to Local Rule 7-10, which requires "prior

8   written order of the Court" to file a response to a reply.

9       This Application is based upon this Application; the accompanying

10  Memorandum of Points and Authorities; [Proposed] Sur-Reply and Declaration of

11  Jerome H. Friedberg; and such further argument, evidence and authorities as may

12  be presented in support of this Application.

13

14  DATED:  January 5, 2019                **ISAACS | FRIEDBERG LLP**

15

16                                              */s/ Jerome H. Friedberg*
17                                          Jeffrey B. Isaacs, Esq.
                                            Jerome H. Friedberg, Esq.
18                                          Robert Gookin, Esq.

19                                          *Attorneys for Plaintiffs STM Atlantic N.V.,*
                                            *STM Group, Inc., Emil Youssefzadeh and*
20                                          *Umar Javed*

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION.

Plaintiffs request leave to file the accompanying [Proposed] Sur-Reply, filed concurrently herewith as **Exhibit A**, and supporting declaration to address new evidence submitted by Defendants Bonnie Liu and Yuen-Cheung Wong in conjunction with their Reply in support of their Motion to Dismiss Second Amended Complaint or, Alternatively, Stay Proceedings (the "Wong/Liu Motion"), which was also relied on by Dong Yin in its Motion to Stay Pending Arbitration (the "Motion to Stay").  This new evidence includes a declaration from GIP-Cayman's general counsel, which attaches a copy of the Notice of Arbitration filed by Bronzelink Holdings Limited ("Bronzelink") on November 6, 2018, three days *after* Plaintiffs filed their Opposition to the Motion to Stay; accordingly, it could not have been addressed in Plaintiffs' Opposition.

## II.     DISCUSSION.

**A.     The Court Has Authority To Grant Leave To Plaintiffs To File A Sur-Reply To Address The New Evidence Relied On By Dong Yin In Its Motion to Stay.**

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."  *Giles v. Sardie*, 191 F.Supp.2d 1117, 1127 (C.D. Cal. July 27, 2000) (citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 894-95) (2000).  "New Evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond."  *Townsend v. Monster Beverage Corp.*, 303 F.Supp.3d 1010, 1027 (C.D. Cal. Mar. 20, 2018).  Accordingly, "the district court should not consider the new evidence without giving the [non]movant an opportunity to respond."  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)); *see also Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*, 2012 WL 2054994, at *3 (N.D. Cal. June 5, 2012)

("Or-Cal does append an exhibit to a *reply declaration* in support, but this sand-bagging material will be disregarded because it should have been included in the opening motion.")

Leave to file a sur-reply should be granted when "a valid reason for additional briefing exists, such as when the reply brief raises 'new' arguments that require some additional response, or the sur-reply appears to clarify 'many' of the movant's positions." *Great American Ins. Co. v. Berl*, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23, 2017) (quoting *Schmidt v. Shah*, 696 F.Supp.2d 44, 59 (D.D.C. 2010)). Where reply papers contain "new evidence" which does not appear in the moving papers, leave to file a sur-reply brief should be granted. *See WB Music Corp. v. Royce Int'l Broadcasting Corp.*, 2018 WL 2121819, at *2 (C.D. Cal. May 7, 2018); *see also Schmidt v. Shah*, 696 F.Supp.2d 44, 59-60 (D.C.D.C. Mar. 17, 2010) (decision to grant leave to file sur-reply is committed to court's discretion).

As set forth in the accompanying [Proposed] Sur-Reply, the new evidence responds to the argument raised by defendants that this litigation should be stayed in light of the filing of the Bronzelink arbitration. Dkt. 124, p. 6. The Court should exercise its discretion to grant Plaintiffs leave to file the attached Sur-Reply in the interests of fairness and to ensure that it has a complete record in ruling on the Motion to Stay.

///
///
///
///
///
///
///
///

6

# III.   CONCLUSION.

For the foregoing reasons, this *ex parte* application for leave to file the accompanying [Proposed] Sur-Reply should be granted.

DATED:  January 5, 2019                    **ISAACS | FRIEDBERG LLP**

                                                    */s/ Jerome H. Friedberg*
                                           Jeffrey B. Isaacs, Esq.
                                           Jerome H. Friedberg, Esq.
                                           Robert Gookin, Esq.

                                           *Attorneys for Plaintiffs STM Atlantic N.V., STM Group, Inc., Emil Youssefzadeh and Umar Javed*

7

PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT (HOLDINGS) LIMITED'S MOTION TO STAY PENDING ARBITRATION

278896.1

# Exhibit A

Jeffrey B. Isaacs, Esq., SBN 117104
Jerome H. Friedberg, Esq., SBN 125663
Paige Shen, Esq., SBN 162122
Robert Gookin, Esq., SBN 251601
**ISAACS | FRIEDBERG LLP**
555 S. Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5534
Facsimile:  (213) 955-5794
Email:  *jisaacs@ifcounsel.com*
          *jfriedberg@ifcounsel.com*
          *pshen@ifcounsel.com*
          *rgookin@ifcounsel.com*

*Attorneys for Plaintiffs STM Atlantic N.V.,*
*STM Group, Inc., Emil Youssefzadeh and Umar Javed*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STM ATLANTIC N.V., a Dutch company; STM GROUP, INC., a Delaware corporation; EMIL YOUSSEFZADEH, an individual; and UMAR JAVED, an individual, | Case No. 2:18-cv-01269-JLS-JCG |
| Plaintiffs, | Assigned to Hon. Josephine L. Staton |
| vs. | **PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT (HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S MOTION TO DISMISS OR STAY** |
| DONG YIN DEVELOPMENT (HOLDINGS) LIMITED, a Hong Kong unlimited company; CHINA ORIENT ASSET MANAGEMENT (INTERNATIONAL) HOLDING LIMITED, a Hong Kong limited company; and LUDWIG CHANG, an individual, | **[Filed concurrently with *Ex Parte* Application; Declaration of Jerome H. Friedberg and [Proposed] Order]** |
| Defendants. | HEARING<br>Date:        Jan. 18, 2019<br>Time:       10:30 a.m.<br>Place:      Courtroom 10A<br><br>Complaint Filed:  Feb. 15, 2018<br>FAC Filed:         Feb. 25, 2018<br>SAC Filed:         Aug. 14, 2018<br>Trial Date:         None Set |

1

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT (HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278301.19

**SUR-REPLY**

Plaintiffs submit this [Proposed] Sur-Reply in further opposition to Defendant Dong Yin's Motion to Stay Pending Arbitration (the "Motion to Stay") and Defendants Liu and Wong's Motion to Dismiss the Second Amended Complaint or, Alternatively, Stay Proceedings (the "Liu/Wong Motion") to address new evidence that was presented by Liu and Wong with their Reply (the "Liu/Wong Reply") and incorporated by Dong Yin in its Reply (the "Dong Yin Reply").[1]  This Sur-Reply is limited to responding to that new evidence and showing that the analysis in Plaintiffs' Opposition to the Motion to Stay ("Opposition") still applies.[2]

## I.      INTRODUCTION.

On September 21, 2018, Dong Yin filed its Motion to Stay, arguing that the Court should stay this action because Bronzelink had served Plaintiffs with a Notice of Default and intended to file an arbitration proceeding against Plaintiffs with the Hong Kong International Arbitration Centre ("HKIAC").  Dkt. 96, p. 5.

Plaintiffs filed their Opposition to the Motion to Stay on Friday, November 2, 2018.  In their Opposition, Plaintiffs maintained that the Motion to Stay should be denied, in part, because "although Bronzelink has threatened to initiate arbitration proceedings in Hong Kong, this threat has so far proven illusory, as Bronzelink has yet to satisfy the prerequisites for doing so."  Dkt. 110, p. 5.  The Opposition further contended that even if Bronzelink eventually filed for arbitration, a stay would still be unwarranted under applicable law.  Dkt. 110, pp. 17-21.

//

//

---

[1] This brief is being submitted in further opposition to the motions to stay filed by Dong Yin and Liu and Wong, and to the other defendants' motions to dismiss and/or stay to the extent that they seek to join in or incorporate the arguments asserted by Dong Yin and Liu and Wong.

[2] This Sur-Reply uses the same acronyms, shortened names and collective labels as in Plaintiffs' Opposition.

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT (HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278301.19

1    On Monday, November 5, 2018, one court day after Plaintiffs filed their

2  Opposition, Bronzelink filed its Notice of Arbitration.  Dkt. 120-1, pp. 5-15. [3]

3    On November 21, 2017, Defendants filed their Replies.  With their Reply, Liu

4  and Wong filed the declaration of Douglas Martin, GIP-Cayman's General Counsel,

5  which attached the Notice of Arbitration, and Dong Yin argued that the Notice of

6  Arbitration rendered Plaintiffs' arguments in their Opposition moot.  Dkt. 120, 120-1,

7  124.[4]

8    In fact, the opposite is true.  The Notice of Arbitration confirms that there are

9  no material disputed issues in the arbitration that would warrant a stay of this action.

10  Furthermore, and as more fully discussed in Plaintiffs' Opposition, all of the factors

11  courts consider in determining whether to stay judicial proceedings because of a

12  pending arbitration continue to weigh heavily against staying this case.  *See* Dkt. 110,

13  pp. 17-21.

14                    **II.    STATEMENT OF FACTS.**

15    On August 8, 2018, Bronzelink served Plaintiffs with a Notice of Default.

16  Dkt. 110-2, pp. 10-14.  The Notice alleged that Mr. Youssefzadeh and Mr. Javed had

17  breached the SHA by committing certain specific acts, thus causing an "event of

18  default" that entitled Bronzelink "to require [Mr. Youssefzadeh and Mr. Javed] to sell

19  [their] shares in [GIP-Cayman] to Bronzelink at a 20% discount to the book value

20  thereof."  Dkt. 110-2, pp. 12-13

21    Plaintiffs refuted those allegations in a detailed letter dated August 22, 2018,

22  supported by 1500 pages of exhibits.  Dkt. 110-2, pp. 16-49.  On September 26, 2018,

23  Mr. Youssefzadeh and Mr. Javed informed Bronzelink in writing that, although its

24  allegations were meritless, they were willing to sell their shares in GIP-Cayman at a

25  20% discount to their book value, as conservatively calculated.  Dkt. 110-2, pp. 54-57.

26

27  [3] The Notice was filed in Hong Kong and dated November 6, 2018, which was
    Monday, November 5, 2018 Pacific Time.

28  [4] Plaintiffs have filed Evidentiary Objections to the Martin Declaration.  Dkt. 129.

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT
(HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1    The 60-day notice period for Bronzelink to file for arbitration, as set forth in the

2    SHA, expired on October 8, 2018.  Bronzelink, however, did not file for arbitration at

3    that time.  Instead, it waited until after Plaintiffs filed their Opposition to file the

4    Notice of Arbitration.[5]

## III.    ARGUMENT.

**A.    The Arbitration Does Not Raise Any Material Disputed Issues, Much Less**

**Implicate Any Issues in Dispute in This Litigation.**

8    In contrast to the Notice of Default, the Notice of Arbitration does not accuse

9    Plaintiffs of having engaged in specific acts that allegedly breached the SHA.  Instead,

10   the Notice of Arbitration states in summary fashion that:

> [Bronzelink] contends that [Plaintiffs] are in breach of the
> Shareholders Agreement for various conduct including but not limited
> to, obstructing the Company's board and business and breaching of
> confidentiality of the Company, and thereby causing Default Events,
> based on their false and pretextual assertions that the Company was at
> risk of violation and/or violated United States export laws, and
> breaches of non-competition provisions in the Shareholders
> Agreement.

16   Dkt. 120-1, p. 11.  The remedy for such alleged breaches is set forth in Clause 11.1 of

17   the SHA, which provides, in relevant part:

> If a Default Event occurs, the Series A Holder may notify the
> Common Holders of such event, and if such Default Event is not
> rectified, the Series A Holder shall have the right to . . . require each
> breaching Common Holder to sell its shares in the Company to the
> Series A Holder at a 20% discount to the book value thereof[.]

21   Dkt. 29-4, p. 127 [SHA, Clause 11.1.]

22   The SHA further provides that an award compelling Plaintiffs to sell their

23   shares to Bronzelink at a 20% discount to the book value is ***the only remedy***

24   Bronzelink can obtain under the SHA:

> Notwithstanding anything to the contrary contained in this
> Agreement, no Party shall be liable to any other Person, either in

---

[5] Bronzelink never engaged in the in-person negotiations between principals that
Plaintiffs contend the SHA requires as a precondition to filing for arbitration.
*See* Dkt. 29-4, pp. 133-134 [SHA, Clause 13.2.]

4

PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT
(HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

278301.19

1      contract or in tort, for any consequential, incidental, indirect, special
or punitive damages of such other Person, or any loss of income or
2      profits relating to any breach or alleged breach hereof.

3   *Id*. p. 128 [SHA, Clause 11.4.]

4         Because Plaintiffs have already offered to sell their GIP-Cayman shares to

5   Bronzelink at book value less 20%, the Notice of Arbitration does not raise any

6   disputed material issues. That is, Bronzelink need not establish a breach of the SHA

7   to obtain the only remedy it can seek in arbitration because Plaintiffs have already

8   agreed to that relief in writing. Dkt. 110-2, pp. 54-57. Furthermore, even if the

9   HKIAC must determine the book value of the shares, this will not implicate any of the

10   issues in dispute in this litigation, nor will any findings by this Court interfere with

11   Bronzelink's right to have that issue determined by the HKIAC. Finally, because

12   Bronzelink is expressly precluded by the SHA from obtaining any other relief, none of

13   the issues to be determined in this litigation can possibly impact or interfere with the

14   arbitration.

15   **B.**     **The Bronzelink Arbitration Does Not Warrant a Stay of This Action.**

16         As this Court recently stated in the related Whistleblower Action,

17   *Emil Youssefzadeh, et al v. Global IP Cayman, et al.*, C.D. Cal., Case No. 2:18-cv-

18   02522-JLS-JCG, a party moving to stay litigation pending arbitration "must show not

19   only that it has commenced arbitration proceedings against Plaintiffs, but also provide

20   evidence that those proceedings cover 'essentially the same claims' and would be

21   necessarily duplicated or undermined by parallel proceedings in this action."

22   Declaration of Jerome H. Friedberg ("Friedberg Decl."), ¶ 2, Exh. A; *see also Landis*

23   *v. North Amer. Co.*, 299 U.S. 248, 255 (1936) (a stay applicant "must make out a clear

24   case of hardship or inequality in being required to go forward."); *CMAX v. Hall*, 300

25   F.2d 265, 268 (9th Cir. 1962) (factors courts should consider when determining

26   whether stay is warranted include (1) "the possible damage which may result from the

27   granting of a stay"; (2) "the hardship or inequity which a party may suffer in being

28   required to go forward"; and (3) "the orderly course of justice measured in terms of

5

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT
(HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278301.19

1    simplifying or complicating of issues, proof, and questions of law which could be

2    expected to result from a stay.").[6]

3           In this case, Defendants cannot meet their heavy burden of proving that a stay is

4    warranted simply by virtue of Bronzelink's belated initiation of an arbitration

5    proceeding before the HKIAC.  *See Dean Witter Reynolds,* 470 U.S. at 225 (White, J.

6    concurring) ("the heavy presumption should be that the arbitration and the lawsuit will

7    each proceed in its normal course").  As Defendants assiduously ignore, this case

8    involves claims of theft and fraud by Plaintiffs against Dong Yin, Milbank, COAMI

9    and others for damages and restitution.  In contrast, the arbitration involves allegations

10   by non-party Bronzelink of breach of contract, with the only possible remedy the

11   forced sale of Plaintiffs' GIP-Cayman shares at book value less 20% (which, as noted,

12   Plaintiffs have already offered to do).  Moreover, while the Notice of Arbitration

13   makes passing reference to "false and pretextual assertions" that GIP-Cayman violated

14   U.S. export control laws, it provides no facts to support that reference and, for the

15   reasons discussed above, the reference is superfluous to the relief Bronzelink seeks.[7]

16          In sum, Defendants still have not come close to carrying their burden of

17   establishing that a discretionary stay is warranted.  Even assuming the arbitration

18   moves forward, it involves claims for relief by a non-party that are separate and

19   distinct from the claims in this case, and it does not implicate any issues in dispute in

20   this litigation.  Accordingly, permitting this action to proceed presents no risk of

21   duplication of effort, inconsistent results, or other inefficiencies.  *See* Dkt. 110,

22   pp. 17-21 (discussing relevant factors).

23

24   ───────────────

     [6] To date, GIP-Cayman has not filed for arbitration.  Bronzelink named GIP-Cayman

25   as a so-called "nominal respondent" in the arbitration, but it has not filed an answer,
     taken a position, or paid any of the arbitration fees.  Friedberg Decl., ¶¶ 3-7, Exhs. B,

26   C, D.  Plaintiffs will address these matters further in responding to the Court's Order
     to Show Cause issued in the Whistleblower Action.

27   [7] The Notice of Arbitration summarily references alleged breaches of the non-compete

28   clause of the SHA, but the non-compete is not at issue in this case.

PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT (HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

278301.19

1

## IV.   CONCLUSION.

2

For all the foregoing reasons, and for the reasons set forth in Plaintiffs'

3

Opposition, the Court should reject Defendants' request to stay this action.

4

5

Dated:   January 5, 2019                    Respectfully submitted,

6

**ISAACS | FRIEDBERG LLP**

7

8

By: __/s/ Jerome H. Friedberg_____

9

JEFFREY B. ISAACS, ESQ.
JEROME H. FRIEDBERG, ESQ.

10

Robert F. GOOKIN, ESQ.

11

*Attorneys for Plaintiffs STM Atlantic N.V.,*
*STM Group, Inc., Emil Youssefzadeh and*

12

*Umar Javed*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT DONG YIN DEVELOPMENT (HOLDINGS) LIMITED'S MOTION TO STAY AND DEFENDANTS SHIYUE LIU AND YUEN-CHEUNG WONG'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

278301.19